## 57285. MCSHAN v. THE STATE.

SHULMAN, Judge.

This appeal follows the verdict of a trial judge, sitting without a jury, finding defendant guilty of violating the Georgia Controlled Substances Act. We affirm.

1. At the hearing on the motion to suppress, an experienced federal drug enforcement agent testified to observing certain behavior on the accused's part which confirmed the agent's suspicion that the accused might be connected with criminal activity. Appellant was unusually nervous upon deplaning from a flight arriving at Hartsfield International Airport from Miami, Florida (a significant narcotics distribution center). Appellant surveyed the people in the terminal waiting area, not as if looking for any person in particular, but as if looking for possible undercover agents. While en route to the baggage claim area, appellant looked over his shoulder several times as if to determine whether he was being followed. At the baggage claim area, the accused picked up a suit bag and nothing else. As this observed behavior was consistent with that of a narcotics courier, the agent identified himself to the accused and briefly detained the accused for questioning. After the officer determined that the accused was traveling under a name other than his own, the officer requested permission to conduct a search of appellant's person and property. The search produced the contraband which formed the basis of this prosecution.

We need not consider appellant's contention that both the initial detention and subsequent search were constitutionally impermissible because probable cause was lacking. See generally in this regard *State v. Reid,* 149 Ga. App. 685, where flight supplied probable cause to search after a valid initial detention. Compare United States v. Chadwick, 433 U. S. 1 (1977), holding, in a nonconsensual search situation, that a search warrant must be secured even when probable cause existed to believe a footlocker contained narcotics.

Even assuming that appellant is correct in his contention that an illegal detention or arrest had occurred, it does not follow that the evidence produced

from the search was necessarily subject to exclusion. Notwithstanding the legality of the initial detention or arrest, a valid consent authorizing the search may be found which renders the fruits of the search admissible. See, e.g., *Ivins v. State,* 129 Ga. App. 865, 868 (201 SE2d 683); *Radowick v. State,* 145 Ga. App. 231 (4) (244 SE2d 346); *Hall v. State,* 239 Ga. 832 (1) (238 SE2d 912). As the record in this case indicates without contradiction that appellant intelligently and voluntarily consented to the search of his possessions after being fully informed that he had a right to refuse the search, the trial court was authorized to find that valid consent had been given. *Brand v. State,* 129 Ga. App. 747 (201 SE2d 180). Compare *Ivins,* supra, Division 2; and *Hill v. State,* 140 Ga. App. 121 (2) (230 SE2d 336). Because the evidence showed a valid consent authorizing the search, the motion to suppress was properly denied.

2. The accused waived jury trial and elected to submit the case to a trial judge, sitting without a jury, on the basis of stipulated evidence developed in the suppression hearing. On appeal, it is urged that the court improperly considered certain self-incriminating statements made by the accused at the hearing and that, because of this, reversal is in order. We must take issue with appellant's position.

The trial judge affirmatively stated that the statements complained of would not be considered in determining the accused's criminal culpability. See in this regard *Ward v. State,* 26 Ga. App. 61 (105 SE 373). Cf. *Benefield v. State,* 140 Ga. App. 727 (12) (232 SE2d 89), where the trial court affirmatively stated certain evidence would not be considered in passing sentence. This being so, we find no error.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

ARGUED FEBRUARY 13, 1979 — DECIDED MAY 8, 1979 — REHEARING DENIED JUNE 7, 1979 — ▮▮▮▮▮▮▮▮

*Murray M. Silver,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet,*

*Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.