## 57285. McSHAN v. THE STATE.

SHULMAN, Judge.

In the first appearance of this case in this court (150 Ga. App. 232 (257 SE2d 202)), we affirmed appellant's conviction for a violation of the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8, Ga. L. 1974, p. 221 et seq.). The basis for our affirmance of appellant's conviction was the consent he gave to being searched after being stopped in the Atlanta airport by an agent of the Drug Enforcement Administration. In McShan v. Georgia, —— U. S. —— (1980), the United States Supreme Court granted appellant's petition for a writ of certiorari and vacated the judgment of this court, remanding the case for further consideration in light of its recent decision in United States v. Mendenhall, 446 U. S. —— (100 SC ——, 64 LE2d 497, 509) (1980).

In Mendenhall, the U. S. Supreme Court addressed three issues, corresponding to three stages in the encounter between Ms. Mendenhall and agents of the Drug Enforcement Administration. Those three stages occurred in the instant case, and we will adopt the same order of analysis employed in Mendenhall.

1. The first stage to be considered is the initial stop of appellant by law enforcement officers. In Mendenhall, the U. S. Supreme Court considered the parameters of a legitimate investigatory stop and concluded, on facts almost identical to those in this case, that there was no illegal seizure: "We conclude that a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. Examples of

circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. [Cits.] In the absence of some such evidence, otherwise inoffensive contact between a member of the public and the police cannot, as a matter of law, amount to a seizure of that person.

"On the facts of this case, no 'seizure' of the respondent occurred. The events took place in the public concourse. The agents wore no uniforms and displayed no weapons. They did not summon the respondent to their presence, but instead approached [him] and identified themselves as federal agents. They requested, but did not demand to see the respondent's identification and ticket. Such conduct, without more, did not amount to an intrusion upon any constitutionally protected interest. The respondent was not seized simply by reason of the fact that the agents approached [him], asked [him] if [he] would show them [his] ticket and identification, and posed to [him] a few questions. Nor was it enough to establish a seizure that the person asking the questions was a law enforcement official. [Cits.] In short, nothing in the record suggests that the respondent had any objective reason to believe that [he] was not free to end the conversation in the concourse and proceed on [his] way, and for that reason we conclude that the agents' initial approach to [him] was not a seizure." United States v. Mendenhall, supra, p. 509.

Our conclusion corresponds to that of the U. S. Supreme Court in Mendenhall: there was no illegal seizure of appellant such as would taint the evidence seized in the subsequent search.

2. The second issue to be considered is the voluntariness of appellant's agreement to accompany the agents to the place where he was searched.

Here, as in Mendenhall, the government's evidence indicated that appellant was not subjected to any coercion, but that when he was asked to accompany the agent to an office for a search, he did so freely. Although appellant's testimony differed in several particulars from that of the arresting agent, there was sufficient evidence to warrant the trial court in concluding that appellant voluntarily accompanied the agent to the site of the search. "[T]he trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. [Cits.]" *Woodruff v. State,* 233 Ga. 840, 844 (213 SE2d 689).

3. The third stage of the inquiry in Mendenhall was the validity of the consent given by the defendant to search her. After a second review of the record in this case, we adhere to the holding we made on

this issue on the first appearance of this case: "As the record in this case indicates without contradiction that appellant intelligently and voluntarily consented to the search of his possessions after being fully informed that he had a right to refuse the search, the trial court was authorized to find that valid consent had been given. [Cits.]" *McShan v. State,* 150 Ga. App. 232, 233 (150 SE2d 202).

4. Having complied with the direction of the United States Supreme Court, we adhere to our original decision on the correctness of the trial court's denial of appellant's motion to suppress the contraband discovered in a search of his possessions. Furthermore, we adhere to the holding in Division 2 of the first opinion in this case. Appellant's conviction for violating the Georgia Controlled Substances Act is, therefore, reaffirmed.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 3, 1980.

*Murray M. Silver,* for appellant.
*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, Benjamin H. Oehlert, III,* Assistant District Attorneys, for appellee.