63259. BELL v. THE STATE.

QUILLIAN, Chief Judge.
This is an appeal from the condemnation of a motor vehicle pursuant to a libel brought under Code Ann. § 79A-828 (Ga. L. 1974, pp. 221, 258; as amended through Ga. L. 1981, pp. 180, 183).

Appellant was an employee at a shirt factory in Austell. The employer's security investigators had information that appellant was selling drugs in the plant. At the investigators' request appellant came from the plant to a nearby motel for an interview. There appellant admitted in a written statement that he had been selling marijuana at the plant and that there was about half a pound of marijuana in his truck located in the plant parking lot. Appellant also executed a written consent for the investigators to search his truck for

the marijuana. Appellant then took the investigators to his truck, unlocked it, moved the seat back forward and showed them a paper bag which contained marijuana. The investigators left the bag in the truck, and one accompanied appellant while they had him drive the truck to the motel where the truck was parked and locked and appellant placed in a room in the motel. Another investigator went to the Cobb County police and informed them of what they had found.

The Cobb police called the district attorney's office and asked if a search warrant was necessary. They were told that a search warrant was not necessary, to get an arrest warrant, arrest appellant and seize the marijuana and the truck. An arrest warrant was obtained and two police officers went to the motel. Appellant was brought out of the motel by the employer's investigators to the vicinity of his truck and was arrested by the police. At their request appellant gave the keys to his truck to the police. He was then handcuffed, advised of his Miranda rights, and placed in a police car. The police officers then seized the marijuana and the truck.

Appeal is taken from the trial court's denial of appellant's motion to suppress the marijuana obtained in the search and seizure by the police. *Held:*

Appellant argues that the second search by the police was without his consent. We do not agree.

Appellant admitted to the employer's security investigators not only to having sold marijuana at the plant but also having at that time marijuana in his truck at the plant. Appellant freely signed a consent to the search of his truck and seizure of the marijuana therefrom. The consent was not limited to any specific person or group of persons, the space for insertion of named persons being left blank. The consent can thus be construed as general and not limited to any particular persons. Appellant led the employer's agents to his truck and showed them the marijuana he had in it. It is obvious that agents at that time could have seized the marijuana and delivered it along with the appellant to the police instead of leaving it in the truck. When the police arrived and arrested appellant for possession of marijuana one witness testified that there was mention of the consent to appellant. Appellant voluntarily surrendered his truck keys to the police and made no attempt to withdraw his consent or object to the search.

We find no authorities in Georgia or elsewhere directly in point.

A somewhat analogous situation appears in *Ferguson v. Caldwell,* 233 Ga. 887 (213 SE2d 855) where the defendant, arrested for a homicide, gave police consent to search his residence. A search was conducted which produced nothing. Four hours later the police again searched the residence and discovered incriminating evidence. In rejecting the defendant's argument that he did not consent to the

second search the court said: " '[A] search with consent as here, is one undertaken with knowledge and without objection by the accused. Consent, once legally obtained, ought to continue until revoked or otherwise withdrawn.' Ferguson v. Dutton, (Case No. 11339, decided Feb. 25, 1971). —— FSupp. —— (N. D. Ga.)

"McNear v. Rhay, 398 P2d 732 (Wash. 1965), is cited in support of appellant's position that repetitive searches pursuant to a single consent are illegal. In that case, defendant was arrested on shoplifting charges and consented to a search of his residence and automobile for the purpose of locating stolen property. During the search, one officer opened a box in defendant's night stand and discovered what appeared to be a marijuana cigarette. Whereupon the officer summoned the narcotics squad who arrived shortly thereafter and conducted a thorough search for narcotics. This produced a quantity of marijuana which in turn resulted in a confession from the defendant on new drug charges. The court stated that the second search followed the completion of the first search for stolen goods and was not within the *contemplation* of the consent. Id. p. 739. The present case is distinguishable from McNear. An investigation for evidence regarding the homicide was the sole and continuing purpose of the search here and was well within the contemplation of the consent by appellant when given. There is no reason to assume that this consent did not apply to the second search as it was conducted within a brief and reasonable time later for the same purpose, and there is no evidence that appellant ever withdrew or limited the original consent to search which he gave the officers. We find no illegal search and seizure took place under these circumstances." Id. at 891, 892.

In the instant case we likewise find that the second search by the police was within the contemplation of the written general consent appellant had given. There is no evidence that appellant withdrew or limited the consent he had given. Absent any evidence to the contrary we can not assume that the consent was not applicable to the second search made a short time later to seize what had already been admitted to by appellant and discovered by the employer's agents. Accordingly, the trial court did not err in denying the motion to suppress.

*Judgment affirmed. Shulman, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED APRIL 9, 1982.

*William C. Tinsley II,* for appellant.
*Thomas Charron, District Attorney, James Martin, Assistant*

*District Attorney,* for appellee.