## 67483. VOIGHT v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction of possession of cocaine with intent to distribute and in three enumerations alleges error in the denial of his motion to suppress evidence of the search without warrant which resulted in the discovery of the cocaine. *Held:*

Defendant was 35 years old and had received education three years beyond high school. He was observed at Atlanta International Airport arriving on a flight from Miami carrying a small luggage bag by an agent of the Drug Enforcement Administration (DEA). The agent testified as follows: From his observations of defendant and other information he learned through the airline on which defendant was travelling, defendant met several characteristics which led the agent to believe that defendant may be carrying illegal drugs. Dressed in casual clothing and with his weapon concealed on his person, the agent approached defendant in a public concourse. He identified himself as a federal agent, displayed his DEA identification, and asked defendant if he could speak to him. When defendant indicated that he could, the agent asked him if he had just arrived from Miami. Defendant said he had, produced his ticket at the agent's request, and asked "what's this about?" The agent told him that he was looking for drugs and narcotics, and asked for defendant's name. Defendant gave his name which matched the name on the ticket. The agent returned the ticket, asked for some identification, and defendant, with shaking hands, produced an Indiana driver's license. The agent asked the purpose of defendant's trip to Miami and defendant told him that he now lived in Miami. The agent then told defendant "I'm going to ask, . . . knowing you are not obligated to, if you would mind cooperating with me and allowing a search to be made of your person and your bag." The agent testified that defendant agreed to his request. The agent then told defendant that they could go to a private office down the concourse, or conduct the search right in the concourse if defendant preferred. Defendant started down the concourse, then stopped and said, "No, we'll just do it right here," put his bag down, unzipped it and spread it open without any direction from the agent.

The agent searched in the bag and discovered what proved to be cocaine.

Defendant's testimony was in conflict with that of the agent in several respects, most particularly with defendant stating that he did not consent to be searched, only to go to the private office, and that he felt that he was not free to leave. Defendant admitted the agent did not display a weapon nor threaten him in any way.

The first question is whether the agent's approach and interview with defendant constituted a seizure of him and his bag. We find no illegal seizure that would taint the evidence ultimately seized.

"On the facts of this case, no 'seizure' of [defendant] occurred. The events took place in the public concourse. The agent() wore no uniform() and displayed no weapon(). [He] did not summon [defendant] to [his] presence, but instead approached [him] and identified [himself] as [a] federal agent(). [He] requested, but did not demand to see [defendant's] identification and ticket. Such conduct, without more, did not amount to an intrusion upon any constitutionally protected interest. [Defendant] was not seized simply by reason of the fact that the agent() approached [him], asked [him] if [he] would show [him] [his] ticket and identification, and posed to [him] a few questions. Nor was it enough to establish a seizure that the person asking the questions was a law enforcement official [Cits.]. In short, nothing in the record suggests that [defendant] had any objective reason to believe that [he] was not free to end the conversation in the concourse and proceed on [his] way, and for that reason we conclude that the agent['s] initial approach to [him] was not a seizure." United States v. Mendenhall, 446 U. S. 544, 555 (100 SC 1870, 64 LE2d 497). Accord, *McShan v. State,* 155 Ga. App. 518 (1) (271 SE2d 659); *State v. Reid,* 247 Ga. 445, 449 (276 SE2d 617); *Berry v. State,* 163 Ga. App. 705 (3) (294 SE2d 562); *McAdoo v. State,* 164 Ga. App. 23 (1) (295 SE2d 114); *Brooker v. State,* 164 Ga. App. 775 (1), 776 (298 SE2d 48); *Yocham v. State,* 165 Ga. App. 650 (1) (302 SE2d 390). See, United States v. Berry, 670 F2d 583 (5th Cir., 1982). Compare, Florida v. Royer, ——U. S.—— (51 USLW 4293, decided March 23, 1983), where what began as a consensual inquiry in a public airport concourse, escalated into an investigatory procedure in a police interrogation room.

Remaining is the question of whether defendant voluntarily consented to the search. The agent testified that defendant gave verbal consent and then, without any direction, opened his bag right on the concourse for the agent's inspection. Defendant's testimony was that he did not give consent, but admitted that the agent did not coerce him in any way.

"[T]he trial court's decision on questions of fact and credibility

at a suppression hearing must be accepted unless clearly erroneous. [Cits.]" *Woodruff v. State,* 233 Ga. 840, 844 (213 SE2d 689); *McShan v. State,* 155 Ga. App. 518, 519, supra.

There being competent evidence to support the ruling on the motion, the trial court's decision was not clearly erroneous.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 31, 1984.

*Graydon W. Florence, Jr.,* for appellant.

*Robert E. Keller, District Attorney, William L. McKinnon, Jr., Assistant District Attorney,* for appellee.