73513. SAUNDERS v. THE STATE.
(352 SE2d 830)

SOGNIER, Judge.

Appellant was convicted of violating the Georgia Controlled Substances Act by trafficking in cocaine, and he appeals. Appellant con-

tends the trial court erred by denying his motion to suppress evidence found in a search of his person and by thereafter admitting into evidence the cocaine found in the search.

At a hearing on appellant's motion to suppress Terrell Toles, a narcotics detective assigned to the Hartsfield International Airport detail, testified that he and DEA agent Paul Markonni observed appellant deplane from a flight from Fort Lauderdale, Florida, a known drug-source city. Instead of following the other passengers, appellant stepped over a rope and went to another gate where he inquired about a flight to Columbus, Ohio. Appellant fit the classic drug courier profile, because Toles learned he had purchased a one-way ticket to Atlanta with cash just prior to the flight's departure; he gave no local telephone number when he purchased his ticket; he checked no baggage and was carrying only a small "tote" bag; when he noticed Toles and Markonni he kept looking over his shoulder at them, and then went into the rest room where he remained for about fifteen minutes. When he came out of the rest room and again saw Markonni and Toles, appellant started walking rapidly toward the gate where his plane for Columbus would depart. However, he did not go to the passenger section but went down a corridor to the jetway used for boarding the plane. At this point Toles asked if he could speak to appellant, and identified himself as a narcotics officer. Appellant agreed and showed his ticket and driver's license to Toles. Toles then asked if appellant would mind if Toles searched his bag and his person; appellant said he did not mind and Markonni then read appellant a consent form, advising him that he could allow or refuse to allow a search. He was also advised that he could talk to an attorney before deciding to allow or disallow a search, and if he consented to a search any illegal items found on him or in the property with him could be used against him in a court proceeding. Markonni then asked appellant if it was "still okay" to search his bag and his person, and appellant said yes. Nothing was found in appellant's tote bag, but a plastic bag containing cocaine, with a total weight of 75.1 grams, was found inside appellant's trousers. Additionally, a small packet of cocaine was found in each sock that appellant was wearing. When Toles and Markonni approached appellant there was no evidence of firearms, the agents were not in uniform, and Toles talked to appellant in a soft voice, not demanding in any way. This was the only evidence presented on appellant's motion to suppress the cocaine found on his person.

The trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. *Voight v. State*, 169 Ga. App. 653, 654-655 (314 SE2d 487) (1984). Here the evidence presented at the suppression hearing was not controverted and showed clearly that appellant consented to the search

after being fully advised of his rights in that regard. Appellant's argument that he was seized is not supported by the transcript. He was stopped in a public boarding area, the agents wore no uniforms and displayed no weapons. Toles did not summon appellant to his presence but approached appellant, identified himself as a narcotics agent, and asked if he could speak to him. There was nothing in the record to indicate that appellant had any objective reason to believe that he was not free to end the conversation and proceed on his way. Under such circumstances, there was no seizure. *Voight*, supra at 654. Accordingly, the trial court did not err by denying appellant's motion to suppress the evidence found on his person. It follows that it was not error to admit the cocaine into evidence.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 14, 1987.

*M. Shannon Feeney*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.