## 75352. MIXON v. THE STATE.
(362 SE2d 111)

DEEN, Presiding Judge.

Al Frisco Mixon appeals from his conviction of trafficking in cocaine, contending that the trial court erred in denying his motion to suppress. *Held*:

The evidence showed that Noe, an agent of the Clayton County Narcotics Unit, observed appellant at Hartsfield International Airport exiting a Delta Airlines flight which originated in Miami, Florida. His attention was drawn to Mixon because he noticed a large, circular softball-shaped bulge in his lower abdominal area. The agent noticed that as appellant walked down the concourse he repeatedly looked at the bulge and eventually pulled out his shirt-tail to hide it. Agent Noe and a GBI agent decided to interview him. They were casually dressed, approached him in the concourse, identified themselves as police officers, and asked if they could talk to him. Mixon responded, "Yes," and Noe asked to see his airline ticket. Appellant produced it, and Noe observed that it was a one-way ticket and did not have any baggage claim stubs attached. Noe returned the ticket to appellant and asked if he had any identification. Appellant produced identification in his true name. The agent inquired as to the nature of his travel and Mixon stated that he had been visiting friends in Florida for four days and then asked the agent, "What's this all about?" Noe told appellant that they were narcotics officers looking for drugs being carried through the airport, and asked if he would cooperate and consent to a search of his person and tote bag. After he consented, Mixon agreed to the suggestion that the search take place in a private room. Once inside the room, the agent read appellant his consent to search rights, which stated that he had the right to allow or refuse a search of his person and the personal property that he had with him, and the right to consult with an attorney before deciding whether to allow the searches; and that if he consented, any illegal object found could be used in court proceedings against him. Mixon consented to the search. Noe patted him down and felt the suspicious bulge which from prior experience he believed to be a pliable powdery substance. Appellant voluntarily opened his trousers when asked about the substance, and the agent reached in Mixon's athletic supporter and seized it. He was immediately arrested.

The agent's only uncertainty in his testimony went to the return of appellant's identification. He testified that he could not recall returning it to Mixon in the concourse, but that he always returned a

person's identification before requesting a consent to search and was positive that he returned appellant's identification before Mixon was informed of his consent to search rights. Appellant denied that his ticket and identification were returned to him by the agent.

Appellant contends that there was no probable cause to arrest and search him without a warrant. A consent search is one undertaken with knowledge and without objection by the defendant. Once consent is legally obtained, it continues until it is either revoked or withdrawn. *Bell v. State*, 162 Ga. App. 79, 81 (290 SE2d 187) (1982). Unless it is clearly erroneous, the trial court's ruling on disputed facts and credibility on a motion to suppress must be accepted by the appellate court. *Williams v. State*, 251 Ga. 749, 792 (312 SE2d 40) (1983); *Voight v. State*, 169 Ga. App. 653 (314 SE2d 487) (1984). The evidence showed that the agents were justified in making a *"Terry"* stop when appellant was observed after deplaning from a known drug source city carrying a small tote bag and attempting to conceal a suspicious abdominal bulge. Once the stop was made, an examination of his ticket which indicated it was one-way, paid in cash, and had no baggage claim checks attached, supported an articulable suspicion that he was a drug courier.

As pointed out in *Allen v. State*, 172 Ga. App. 663 (324 SE2d 521) (1984), the seizure of a person occurs only when all the circumstances indicate that a reasonable person would believe that he was not free to leave. Brief seizures, however, require a reasonable suspicion of criminal activity while full-scale arrests must be supported by probable cause. The evidence here does not support an allegation that appellant was seized while he was in the airport concourse. See *Reid v. State*, 247 Ga. 445, 449 (276 SE2d 617) (1981); *Voight v. State*, supra. The encounter was non-coercive, and there was evidence to enable the trier of fact to find that appellant's ticket and identification were returned to him before he was asked to consent to search. The evidence was also sufficient for the court to find that appellant freely consented to the search after the initial request was made, and voluntarily accompanied the agents to the room where the search was conducted. Once in the room, he intelligently and voluntarily consented to a search of his person and possession after being informed that he had the right to refuse the search and consult with an attorney. The trial court was therefore authorized to find that a valid consent had been given. *McShan v. State*, 150 Ga. App. 232 (257 SE2d 202) (1979).

Appellant's reliance upon *Florida v. Royer*, 460 U. S. 491 (103 SC 1319, 75 LE2d 229) (1983), is not warranted. In that case the officers retained the suspect's ticket and driver's license when they asked him to accompany them to a police room in the airport. The officers also retrieved his checked luggage without his consent. The

suspect produced a key and unlocked one suitcase in which drugs were found and did not object when an officer pried open a second in which marijuana was found. The court held that the detective's actions exceeded the bounds of an investigative stop and tainted the consent to search. This problem did not exist in the instant case.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 8, 1987 —
REHEARING DENIED OCTOBER 22, 1987.

*James W. Studdard*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.