## 45959. WOODS v. THE STATE.
(371 SE2d 865)

MARSHALL, Chief Justice.

Willie Henry Woods appeals from his conviction of the armed robbery and malice murder of Mary Lee Ross, for which he was sentenced to imprisonment for 20 years and life, respectively and consecutively.[1] We affirm.

---

[1] The crimes were committed on April 19, 1986. Woods was convicted on September 16 and sentenced on September 17, 1987. A motion for new trial was filed on October 7, 1987, amended on April 4, 1988, and denied on May 27, 1988. The transcript was filed on February 16, 1988. Notice of appeal was filed on June 22, 1988. The case was docketed in this Court on

Woods had known the victim all of his life. He had done odd jobs for her through the years. He knew that she had enough money to play the numbers. He was a cocaine addict and an alcoholic. He gained access to her home by asking permission to use her telephone, then struck her in the head with a lamp, and stabbed her in the head with a knife, causing her death. He purchased vodka with money taken from her. He threw his bloody clothing into a "hobo" (a garbage can furnished by the city) located in his backyard, where the clothing was discovered after he consented in writing to the search of "940 N. Jackson Street, Americus, Georgia." After recovery of the bloody clothing, he gave statements, admitting the offenses.

1. The evidence authorized the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Woods first contends that his consent to search was limited to his house, hence that the search of the "hobo," or garbage can, in his backyard, was unauthorized and the evidence obtained therefrom should have been suppressed.

> A warrant which authorizes the search of a particular dwelling extends by implication to areas within the curtilage of the dwelling. "Curtilage" has been defined as "the yards and grounds of a particular address, its gardens, barns, [and] buildings." *Norman v. State*, 134 Ga. App. 767, 768 (216 SE2d 644) (1975).

*Landers v. State*, 250 Ga. 808, 809 (301 SE2d 633) (1983). The defendant's yard was constitutionally protected only because it is included in the term "house" in the Fourth Amendment to the U. S. Constitution and Art. I, Sec. I, Par. XIII of the Constitution of Georgia of 1983; if the yard or curtilage were not included in the term "house," then no warrant or consent would be necessary to search. Thus, the consent to search the house impliedly included consent to search the curtilage, in which the garbage can was located.

Furthermore, there was testimony at the hearing on the motion to suppress and at the trial which authorized the findings that: before Woods signed the consent-to-search form, the police informed him that they wanted to search "his house and the area surrounding his house"; prior to Woods' voluntarily signing the consent-to-search form, the police read it to him verbatim more than once, including the provision for search of "the premises"; Woods twice gave the police oral permission to search "anywhere you want to"; Woods had put the bloody clothing in the garbage can because he "just threw them away"; Woods accompanied the police to his house, where he

July 1, 1988, and submitted for decision on August 12, 1988.

was standing in a position to observe the officers searching his back-yard and hear them referring to the "hobo," yet he never objected to the search of his yard. "On appeal, a trial court's ruling on disputed facts and credibility at a suppression hearing must be accepted unless clearly erroneous. [Cits.]" *Muff v. State*, 254 Ga. 45, 48 (2b) (326 SE2d 454) (1985). "A consent search is one undertaken with knowl-edge and without objection by the defendant. Once consent is legally obtained, it continues until it is either revoked or withdrawn. *Bell v. State*, 162 Ga. App. 79, 81 (290 SE2d 187) (1982)." *Mixon v. State*, 184 Ga. App. 623, 624 (362 SE2d 111) (1987). The evidence author-ized the finding that the consent to search the house and its curtilage was legally obtained and never revoked or withdrawn.

3. Woods next contends that his confessions acquired subsequent to the "illegal" search of his garbage can were tainted by said search, and should be suppressed as the "fruit of the poisonous tree," under *Wong Sun v. United States*, 371 U. S. 471 (83 SC 407, 9 LE2d 441) (1963).

At trial, Woods failed to object to the admission of his confes-sions as products of an alleged illegal search and seizure, and it is too late to raise such a claim for the first time on appeal. *Davis v. State*, 255 Ga. 588 (1a) (340 SE2d 862) (1986). Furthermore, we have held in Division 2, supra, that the search and seizure were lawful; the trial court conducted a *Jackson-Denno* hearing and determined that the two taped confessions were voluntarily given; there was no causal con-nection between the search and seizure and the confessions, which Woods testified he gave "to clear his conscience"; and there is no con-tention that his arrest was illegal.

*Judgment affirmed. All the Justices concur, except Smith, J., who concurs in the judgment only.*

DECIDED SEPTEMBER 28, 1988.

*J. Michael Greene*, for appellant.

*John R. Sparks, District Attorney, Michael J. Bowers, Attorney General, Leonora Grant, Assistant Attorney General* for appellee.