A90A1627. ROLLE v. THE STATE.
(402 SE2d 106)

COOPER, Judge.

Appellant appeals from his conviction of trafficking in cocaine, contending that the trial court erred in denying his motion to suppress.

The evidence adduced at the suppression hearing demonstrated that on the day of appellant's arrest, a Drug Enforcement Administration agent, while observing passengers deplane a flight from Nassau, Bahamas, at Hartsfield International Airport noticed appellant exit the plane and appear to follow another passenger, Duane Thurston. When Thurston stopped to obtain continuing flight information, appellant stopped and stood approximately eight to ten feet behind him. Thurston proceeded down the concourse to another gate looking back several times at appellant, who then trailed Thurston by 15 to 20 feet. Before reaching the gate, appellant got closer to Thurston and the two appeared to be having a conversation. When they reached the gate desk, appellant got in line behind Thurston, and the two did not speak to each other. As the tickets were surrendered, the agent noticed that neither ticket had baggage claim stubs attached to it and that appellant and Thurston were each carrying only a tote bag for their trip from Nassau to Baltimore. After surrendering their tickets, the two went to opposite ends of the gate area. The agent examined the tickets and discovered that appellant's ticket was a one-way cash ticket issued in the name "R. Smith" and that Thurston's round-trip ticket was issued in the name "Wayne Thompson." An examination of Delta Air Lines reservation records indicated that the tickets were purchased one minute apart at the Nassau airport prior to departure. The agent, wearing casual clothing with his weapon concealed, identified himself to appellant as a law enforcement officer, displayed his identification and asked appellant if he would speak to the agent for a few minutes. Appellant replied, "Yes," and the agent asked to see his

ticket. The agent verified that the ticket was issued to R. Smith; however, at the suppression hearing, the agent could not recall whether appellant identified himself as R. Smith or Kavin Rolle, his true name. Nevertheless, appellant produced his passport on which the name Kavin Averial Rolle was listed. The agent observed at that point that appellant began to get nervous, and appellant's breathing quickened. Appellant was asked if he were travelling with someone else, and he replied, "No." The agent then explained that he was a narcotics agent and asked if appellant would consent to a search of his tote bag and his person. Initially, appellant offered no verbal response, but while handing his tote bag to the agent appellant stated, "Yes. I don't have any drugs." Appellant then agreed to the agent's suggestion that the search take place in a private office on the concourse. Once inside the office the agent again asked appellant's permission to search the bag, and appellant consented. Finding no drugs, the agent replaced the items in the bag; however, appellant's anxiety increased, and he began opening his pants to show the agent he was wearing a pair of elastic underpants. The agent told appellant it was not necessary that he take off his pants and asked if he could pat appellant down. Appellant raised his arms and said, "Yes." Around appellant's upper body the agent discovered a "girdle or belt-like object" wrapped in masking tape containing a "chunky, lumpy substance" the consistency of cocaine. Appellant was arrested, and the substance was later determined to be 703 grams of cocaine.

1. Appellant contends there was no probable cause to justify his seizure. "As pointed out in *Allen v. State*, 172 Ga. App. 663 (324 SE2d 521) (1984), the seizure of a person occurs only when all the circumstances indicate that a reasonable person would believe that he was not free to leave. Brief seizures, however, require a reasonable suspicion of criminal activity while full-scale arrests must be supported by probable cause." *Mixon v. State*, 184 Ga. App. 623, 624 (362 SE2d 111) (1987). The agent's testimony was the only evidence introduced at the suppression hearing, and that evidence does not support appellant's contention that he was seized in the airport concourse. "Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. [Cit.]" *Aguero v. State*, 169 Ga. App. 462, 465 (2) (313 SE2d 735) (1984). In the instant case, the agent was dressed casually and did not display a weapon. In the public concourse and in a conversational tone, the agent requested, but did not demand, appellant's ticket and identification. " 'Such conduct, without more, did not amount to an intrusion upon any constitutionally

protected interest. [Appellant] was not seized simply by reason of the fact that the agent approached him, asked him if he would show him his ticket and identification, and posed to him a few questions. Nor was it enough to establish a seizure that the person asking the questions was a law enforcement official. In short, nothing in the record suggests that [appellant] had any objective reason to believe that he was not free to end the conversation in the concourse and proceed on his way, and for that reason we conclude that the agent's initial approach to him was not a seizure.'" (Citation and punctuation omitted.) *Voight v. State*, 169 Ga. App. 653, 654 (314 SE2d 487) (1984).

Further, appellant exhibited several characteristics of the drug courier profile which "were sufficient to serve as a basis for reasonable suspicion . . . to justify the brief Terry-type investigative 'seizure.' [Cit.]" *Aguero*, supra at 465.

2. Appellant also contends he consented to the search of his tote bag and a pat-down for the officer's protection against weapons and that the discovery of the belt-like object containing cocaine expanded the search beyond his consent. The agent testified that appellant consented to a search of his person in the concourse and consented to a pat-down in the private office after the agent identified himself as a Drug Enforcement Agency official, and there is no evidence that the pat-down was to be limited to the discovery of weapons. "The trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. [Cit.]" (Citation and punctuation omitted.) *Allen*, supra at 666. Based on the foregoing, we conclude the trial court did not err in denying appellant's motion to suppress.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 6, 1991.

*William E. Frey*, for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.