## A11A0128. WILSON v. THE STATE.

(708 SE2d 14)

ANDREWS, Judge.

After a bench trial ending in a conviction for theft, DUI, drug possession, and other offenses, Jerry Lee Wilson appeals the trial court's denial of his motion to suppress. We find no error and affirm.

On review of the denial of a motion to suppress, we consider all the evidence of record, including evidence introduced at trial. *Jackson v. State*, 280 Ga. App. 716 (634 SE2d 846) (2006). Where the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to these undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). As to questions of fact and credibility, however, we construe the evidence in favor of the trial court's findings and judgment, which must be accepted unless clearly erroneous. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

So viewed, the record shows that on October 22, 2009, police pulled Wilson over for a number of traffic violations, including three nonworking lights and three failures to maintain lane, including crossing the centerline for up to five seconds. Wilson was driving the car, and he had one passenger. In the back seat behind the driver's seat, the lead officer noticed a grocery basket bearing the name "Food Lion." When the officer asked Wilson for his wallet, he noticed that Wilson took an unusually long time to retrieve it and that Wilson's droopy eyes and slurred speech might be the result of being

under the influence of drugs (Wilson did not smell of alcohol).

Wilson eventually produced his insurance card but could not locate his driver's license. The officer then asked Wilson to step out of the vehicle. When Wilson did so, the officer noticed that Wilson swayed and had dilated pupils. The officer then asked Wilson whether he had any drugs or weapons inside the car. When Wilson said that he did not, the officer asked for consent to search, which Wilson granted. In the hand basket, the officer found two grocery bags, each of which contained a container of ice cream, as well as a four-pack of lithium batteries lying underneath one of the bags. On request, Wilson produced the Food Lion receipt, which showed that Wilson had paid for the ice cream but not the batteries. When asked, Wilson confirmed that he had purchased only the ice cream, and could not say why the batteries were in the car. Wilson also told the first officer that he had taken Lortab three hours before being stopped.

While the first officer was searching the car, a second officer who was qualified to administer field sobriety tests conducted a horizontal gaze nystagmus (HGN) test on Wilson. The second officer was able to obtain the first two signs, both of which suggested intoxication, but was unable to complete the test because Wilson could not keep his eyes open. The officer could not administer the one-leg stand and walk-and-turn tests because Wilson suffered from a disability. Based on Wilson's inability to complete the HGN test, the second officer concluded that Wilson was not a safe driver. After consultation, the first officer placed Wilson under arrest and advised him of his implied consent rights. On the driver's seat, the second officer found Wilson's wallet, which contained a small plastic bag with two blue pills in it. When asked, Wilson said that the pills were Xanax and that he did not have a prescription for them. After being placed in the patrol car, Wilson consented to having his blood drawn. The blood later tested positive for Xanax and Lortab. The manager of the Food Lion store confirmed that the store sold the kind of batteries found in Wilson's car. The trial court denied the motion to suppress on grounds including that the officers' traffic stop was authorized, that Wilson gave consent to search, and that the officers had probable cause to arrest him for DUI.

1. Wilson first contends that the officers did not have authority to conduct the initial search that produced the hand basket and batteries. We disagree.

"[O]ne of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." (Citation and punctuation omitted.) *Hunter v. State*, 190 Ga. App. 52, 53 (1) (378 SE2d 338) (1989). Specifically, no Fourth Amendment violation occurs when, during

the course of a valid traffic stop, an officer obtains consent to search a car. *Blitch v. State*, 281 Ga. 125, 126 (1) (636 SE2d 545) (2006), citing *Salmeron v. State*, 280 Ga. 735 (1) (632 SE2d 645) (2006).

Here, both officers, who were the only two witnesses at the single evidentiary hearing in the case, testified that Wilson consented to the first officer's search, and Wilson has not contended that this consent was the "tainted product of an initial pretextual stop," *Hunter*, 190 Ga. App. at 54 (1). The trial court did not clearly err when it denied Wilson's motion to suppress on this ground.

2. The trial court also did not err when it denied Wilson's motion as to the search after his arrest for DUI, which yielded the pills found in his wallet.

(a) The record supports the trial court's conclusion that Wilson's arrest for DUI was lawful. "A witness who satisfactorily shows that he had opportunity to observe, and did observe, the condition of another, may testify whether that person was under the influence of intoxicants and the extent thereof, stating the facts upon which the opinion is based." *Lawrence v. State*, 157 Ga. App. 264, 265 (277 SE2d 60) (1981). Here, the second officer testified as to the observations which led him to conclude that Wilson was under the influence and provided probable cause for arrest. *Castaneda v. State*, 292 Ga. App. 390, 393-394 (1) (664 SE2d 803) (2008) (defendant's stumbling, slurred speech, confusion, and difficulty balancing provided probable cause for DUI arrest, even when some of these symptoms could have been caused by an immediately preceding accident).

(b) "A consent search is one undertaken with knowledge and without objection by the defendant. Once consent is legally obtained, it continues until it is either revoked or withdrawn. *Bell v. State*, 162 Ga. App. 79, 81 (290 SE2d 187) (1982)." (Citation and punctuation omitted.) *Woods v. State*, 258 Ga. 540, 542 (371 SE2d 865) (1988). Wilson's consent to search the passenger compartment of his car was not induced by deception or threat, nor is there evidence that it was withdrawn after the batteries were found, after his arrest, or at any other time. "Absent any evidence to the contrary[,] we cannot assume that the consent was not applicable to the second search made a short time later to seize what had already been admitted to" (*Bell*, 162 Ga. App. at 81) — here, any drugs that, as Wilson admitted, he had taken before his arrest.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED FEBRUARY 22, 2011 —
RECONSIDERATION DENIED MARCH 11, 2011 — ■

*Travis A. Williams*, for appellant.
*Lee Darragh, District Attorney, Wanda L. Vance, Assistant*

*District Attorney*, for appellee.