No. 27.—JOHN G. WINTER, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] Where a party or his Counsel are taken by surprise, by a misunderstanding of the Court, it is good ground for setting aside an order or judgment of the Court resulting from such mistake.

Motion, in Muscogee Superior Court. Decision by Judge WORRELL, December Term, 1854.

At June Term, the case of the State *vs.* Winter being called, and there being no appearance, a *rule nisi* was taken to forfeit his recognizance. At December Term, a motion was made to set aside this *rule nisi*, on the following facts: Winter was very ill at the time the case was called, and unable to attend the Court. His Counsel, R. J. Moses, was also absent, the Court having announced, as he understood him,

that Judge Perkins would preside during the week, and no criminal case would be taken up. Mr. Moses had communicated this fact to Winter. Judge Crawford, who was the then presiding Judge, stated that he did announce that he expected Judge Perkins, and in the event of his coming, certain specified cases would be tried, but that his announcement was conditional. Several affidavits were submitted to show that others understood Judge Crawford in the same way with Mr. Moses.

The Court refused to grant the motion, and this decision is assigned as error.

Judge BENNING having been of Counsel, did not preside.

S. JONES and H. HOLT, for plaintiff in error.

DOUGHERTY, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Ought the judgment of forfeiture in this case have been set aside ? We think so, most clearly.

That Winter was prevented by Providential cause from attending Court, is not disputed ; and the only question is, has he rendered a satisfactory reason for not making his situation known to the Court when his case was called for trial ?

He was informed by his Counsel, that the presiding Judge had announced publicly, from the Bench, that no criminal case would be tried that week ; and there is a large amount of proof to show that Judge Crawford was so understood by the bar and the by-standers. True, the Judge states that his announcement was conditional, provided Judge Perkins attended according to promise, to preside for him. By this mistake, Mr. Moses, the Attorney of Winter, was absent. Had he been present, he could have made known the situation of Winter, for he was cognizant of it. Owing to the same misapprehension, Winter was lulled into security, and failed to furnish proof of his condition.

And now, that it appears that these facts, or most of them, were brought to the mind of the Court, not only before the judgment of forfeiture was placed upon the minutes, but before, perhaps, the ink was dry in which it was written, (for the showing was made, in part, at least, on the same day that the order of forfeiture was granted,) we entertain no doubt but that the judgment of forfeiture should have been rescinded.