## 52125. FAGLIER v. THE STATE.

QUILLIAN, Judge.

The defendant was tried and convicted for the sale of malt beverages without having obtained a license or permit to deal in such beverages. Upon the overruling of her motion for new trial, appeal was taken to this court. *Held:*

1. The first enumeration of error complains that it was error to allow testimony as to the three certain coolers containing iced beer. Objection was made that the evidence had previously been ruled out on a motion to suppress.

The trial judge erred in allowing testimony regarding certain evidence which had been suppressed. Wong Sun v. United States, 371 U. S. 471 (14) (83 SC 407, 9 LE2d 441) (1963). See Code Ann. § 27-313 (Ga. L. 1966, pp. 567, 571).

2. The grounds complaining of the sufficiency of the evidence to sustain the verdict are without merit. See *Buchanan v. State,* 77 Ga. App. 435, 438 (2) (49 SE2d 157); *Harris v. State,* 81 Ga. App. 81 (57 SE2d 842); *Fouts v. State,* 96 Ga. App. 876 (101 SE2d 925). Here, in addition to circumstantial evidence, there was direct testimony that beer was being sold.

3. "Under a general accusation charging a specific misdemeanor as having been committed on a given date, the State is not confined to evidence of transactions that occurred on the date alleged, but may offer evidence of any transaction tending to establish the commission of the crime within two years prior to the filing of such accusation. A conviction or acquittal is a bar to conviction for any other commissions of the same crime by the defendant which were or could have been offered in evidence on this trial." *Dickerson v. State,* 91 Ga. App. 453, 454 (85 SE2d 782). Accord, *Daniel v. State,* 83 Ga. App. 733, 734 (64 SE2d 690).

The fifth enumeration of error is without merit.

4. A ground complaining of the admission of evidence to which no objection was interposed is without merit.

5. The remaining enumeration of error shows no

violation of the accused's constitutional rights.

For the reason set forth in the first division, the judgment must be reversed.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

SUBMITTED MAY 5, 1976 — DECIDED
JUNE 18, 1976.

*John H. Ruffin, Jr.,* for appellant.

*Kenneth E. Goolsby, District Attorney, Dennis C. Sanders, Assistant District Attorney,* for appellee.