## 53343. COOK v. THE STATE.

McMurray, Judge.

During a drug investigation a quantity of hashish (marijuana) was purchased by GBI agents, and immediately arrests were made in connection with the sale. The defendant here was implicated by one of the persons arrested, and the agents proceeded to the residence of the defendant's mother and grandmother where the alleged remaining hashish intended for sale to the agents was being stored.

Instead of obtaining a search warrant the agents immediately conducted a search of the premises without a warrant, and a quantity of hashish was found in a trunk in the garage on the premises. Defendant was then indicted for possessing the marijuana found in the trunk on the premises. A motion to suppress this evidence was granted after a hearing.

Defendant was then indicted for selling the marijuana originally purchased by the agents. The state has stipulated that it intends to re-introduce the once

suppressed evidence seized at the residence for purpose of corroborating the alleged co-conspirator's statement implicating the defendant in the sale of marijuana as charged in the second indictment, and based on exigent circumstances.

Defendant moved to suppress the evidence in this case (selling) on the ground that it has already been ruled inadmissible. The motion to suppress was denied, and after a certificate of immediate review and application for an appeal in this court, the same was granted. Defendant argues that the court erred in refusing to grant the second motion to suppress the evidence and in holding the defendant no longer had any standing to complain of the illegal search and seizure of the evidence sought to be introduced. *Held:*

Code Ann. § 27-313 (b) (Ga. L. 1966, pp. 567, 571) requires that the judge in hearing a motion to suppress the evidence illegally seized shall receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion and, "the burden of proving that the search and seizure were lawful shall be on the State." The statute then states that if the motion is granted, "it shall not be admissible in evidence against the movant in *any* trial." (Emphasis supplied.) We find no Georgia cases directly in point on this question as to the second indictment where the evidence had been suppressed as to another indictment, but we note that our criminal statutes are in derogation of the common law and must be strictly construed. If the General Assembly had intended that the evidence could be used in any other trial they would not have used the language, "it shall not be admissible in evidence against the movant in any trial." Having once been suppressed, the evidence could not be used against the defendant in any trial. See *Faglier v. State,* 139 App. 104 (1) (228 SE2d 25). One cannot do indirectly what the law says may not be done directly. *State of Ga. v. MacDougall,* 139 Ga. App. 815, 816 (229 SE2d 667). Compare *Lingerfelt v. State,* 235 Ga. 139 (218 SE2d 752).

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

Submitted January 19, 1977 — Decided February 8, 1977.

*Skidmore, Barrett & Tripp, Timothy N. Skidmore, Gerald L. Talansky,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.