## 61334. CHASTAIN et al. v. THE STATE.

BIRDSONG, Judge.

This is an interlocutory appeal in a case involving possession of marijuana. The sole enumeration of error is "the trial court erred upon motion of the state several days after a final order, in vacating said order granting the defendant's motions to suppress after a full, complete hearing, letting the state introduce more evidence at another hearing, ultimately resulting in a new order denying the motions to suppress."

Although the issue of reconsideration of a suppression order has not been resolved by statute (Code Ann. § 27-313), nor does it appear to have been presented directly to the appellate courts of this state

(see *Cook v. State,* 141 Ga. App. 241, 242 (233 SE2d 60); *Faglier v. State,* 139 Ga. App. 104 (228 SE2d 25)), we have examined an equivalent federal practice and we are persuaded by the logic of those cases.

In the federal procedure, a district court's authority to consider anew a suppression motion previously denied is within its sound discretion. United States v. Raddatz, 447 U. S. 667 (100 SC ——, 65 LE 2d 424) at fn. 6. Where, in the progress of a criminal trial, it becomes probable that there has been an unconstitutional seizure of papers of the accused, it is the duty of the trial court to entertain an objection to their admission in evidence against him on a motion for their exclusion, and to decide the question as then presented; even where a motion to return the papers has been denied before trial and by another judge. Gouled v. United States, 255 U. S. 298, 312 (41 SC 261, 65 LE 647). See also Cogen v. United States, 278 U. S. 221, 224 (49 SC 118, 73 LE 275); Anderson v. United States, 122 U. S. App. D. C. 277 (352 F2d 945).

"[T]he legality of the search too often cannot truly be determined until the evidence at the trial has brought all circumstances to light." DiBella v. United States, 369 U. S. 121, 129 (82 SC 654, 7 LE2d 614). "[N]ew facts, new light on credibility of government witnesses, or other matters appearing at trial may cast reasonable doubt on the pretrial ruling." Rouse v. United States, 359 F2d 1014. It then becomes the duty of the trial judge to consider de novo the issue of suppression and, if necessary, hold a hearing out of the presence of the jury. Rouse v. United States, supra, citing McNabb v. United States, 318 U. S. 332, 346 (63 SC 608, 87 LE 819). Because the grant of a suppression motion is a matter of law for the trial court, it is not subject to the double jeopardy restrictions of evidentiary findings which are not subject to appeal by the state.

We agree with the statement in the appellant's brief that for over a hundred years, the Georgia courts have held that the trial court may set aside its own order ex mero motu; *Jordan v. Tarver,* 92 Ga. 379 (17 SE 351); *Winter v. State,* 18 Ga. 275; *Deen v. Baxley State Bank,* 192 Ga. 300 (15 SE2d 194), so long as the order is vacated within the term. *Bowen v. State,* 239 Ga. 517 (238 SE2d 62); *Maxwell v. Cofer,* 201 Ga. 222 (39 SE2d 314). Whether to do so is within the sound discretion of the trial court. *Johnson v. State,* 226 Ga. 511 (175 SE2d 840); *Bigelow v. Young,* 30 Ga. 121 (3). Because we agree with the compelling reasons given for the federal court practice, and considering the facts of the instant case, we will not characterize a similar practice by the trial judge in this case as an abuse of discretion, nor did he abuse his discretion in denying the motion to suppress. Appellant's

enumeration is without merit.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED APRIL 23, 1981 —
REHEARING DENIED MAY 27, 1981 —

R. David Botts, Bobby Lee Cook, Jr., for appellants.
H. Lamar Cole, District Attorney, for appellee.