## 72927. LAWS v. THE STATE.
### (349 SE2d 478)

POPE, Judge.

Kevin Carson Laws brings this appeal from his conviction of trafficking in cocaine. In his sole enumeration of error appellant challenges the trial court's denial of his motion to suppress. *Held:*

The facts of record show that at approximately 3:10 p.m. on November 13, 1985 Drug Enforcement Administration (DEA) Agent Markonni (who is also a Clayton County Deputy Sheriff) and another officer observed appellant exit a Delta Air Lines flight that had just arrived from Fort Lauderdale, Florida, a drug source city. The agents noticed that appellant was carrying a small tote bag, appeared to have no checked baggage, and was connecting to a flight to St. Louis, Missouri. Markonni checked the Delta flight reservations computer and found that a passenger by the name of Mike Weber was the only person making that particular flight connection. The reservation record showed that the reservation had been made shortly before departure and that no call-back number had been left. Based on his experience Markonni believed the facts of appellant's travel to be consistent with those of a person traveling under a false name for the purpose of transporting drugs. The agents decided to interview appellant.

The officers, who were casually dressed and not displaying weapons, approached appellant in the public concourse, identified themselves as police officers, and asked if they could speak with him, to which appellant consented. Markonni asked if he could see appellant's ticket and it was voluntarily surrendered. When asked his name, appellant responded that it was Mike Weber. The ticket was returned and Markonni asked if he could see appellant's identification. Appellant voluntarily produced a Missouri driver's license in his true name and explained that he was traveling under a false name because someone else had purchased the ticket. Markonni returned the driver's license and told appellant that the officers were narcotics officers looking for drugs and narcotics being carried through the airport and asked if appellant would consent to a search. He consented and stated that he was not carrying any drugs. When asked if he preferred to conduct the search there in the concourse or in a more pri-

vate area pointed out by the officer, appellant picked up his tote bag and walked to the private area. Once inside Markonni read appellant his rights concerning consent searches. Appellant stated that he did not understand what Markonni had read, so the agent explained the rights in his own words. At that time appellant stated that he wanted to talk to an attorney. During the interview process appellant became increasingly nervous to the point that his breathing quickened. Markonni found this nervousness to be significant because other individuals interviewed by him in the past under similar circumstances had displayed similar nervousness prior to the discovery of drugs in their possession. Based upon the totality of appellant's actions and the circumstances of his travel Markonni concluded that appellant was attempting to mislead him as to his true identity when he stated that his name was Mike Weber. Appellant was arrested for giving a false name to a police officer. The tote bag was removed from appellant's hand, he was patted down and then handcuffed. The tote bag was searched incident to appellant's arrest and a white powder found which proved to contain cocaine.

It is clear from the evidence here that appellant's arrest for giving a false name to a law enforcement officer was lawful, being supported by probable cause. Accord *Williams v. State*, 171 Ga. App. 807 (1) (321 SE2d 386) (1984); *United States v. Pulvano*, 629 F2d 1151, 1155-56 (5th Cir. 1980). Compare *Del Rio v. State*, 171 Ga. App. 381 (2) (320 SE2d 236) (1984). Therefore, the subsequent search of appellant's tote bag which yielded the cocaine was valid as having been made pursuant to a lawful arrest. *Williams v. State*, supra. See *State v. Camp*, 175 Ga. App. 591 (2) (333 SE2d 896) (1985); *United States v. Robinson*, 441 U. S. 218 (94 SC 467, 38 LE2d 427) (1973). We find no basis for reversal of appellant's conviction for any reason assigned.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 16, 1986 —
REHEARING DENIED OCTOBER 14, 1986

*Lillian L. Neal*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.