## 73840. TAYLOR v. THE STATE.
(353 SE2d 619)

BANKE, Presiding Judge.

The appellant was convicted of trafficking in cocaine. On appeal, he contends that the trial court erred in denying his motion to suppress the contraband on which the conviction was based.

The cocaine was seized during a search of the appellant's person conducted following his arrest at the Atlanta airport for giving a false name to a law enforcement officer. See OCGA § 16-10-25. The attention of the arresting officer, Agent Sullivan of the Federal Drug Enforcement Administration, was initially drawn to the appellant as the appellant was asking a Delta Airlines agent for directions to a connecting flight after arriving at the airport from Miami. From a vantage point immediately behind the Delta agent, Agent Sullivan noticed that the appellant's ticket had been issued in the name of David Johnson, that it had been paid for in cash, and that no baggage claim checks were attached to the ticket envelope. These latter observations, combined with the fact that Miami was considered a source city for drug trafficking, aroused Sullivan's suspicions and prompted him to obtain the appellant's flight history from Delta. Upon doing so, Sullivan learned that the appellant's flight reservations had been made that same day and that whoever had made them had provided the airline with no telephone call-back number.

Sullivan and another law enforcement officer, both wearing civilian clothing, subsequently approached the appellant as he was sitting at the gate area for his connecting flight. After identifying himself as a police officer and displaying a Clayton County deputy sheriff's badge, Sullivan asked the appellant in a conversational tone if he would consent to talk with them for a few minutes. The appellant responded affirmatively and, upon request, handed Sullivan his airline ticket. Sullivan then asked the appellant his name, and the appellant replied, "Johnson," which, as previously indicated, was the name on the ticket. Sullivan then handed the ticket back to the appellant and asked him for some identification, whereupon, according to Sullivan, the appellant "hesitated a second and responded that's not my name, a friend bought the ticket for me. . . ." The appellant then handed Sullivan a driver's license issued in the name of Derrick

Donovan Taylor.

After recording the information on the driver's license and handing it back to him, Sullivan asked the appellant if he would be willing to consent to a search of his person. The appellant replied that he would have no objections, and Sullivan told him they could conduct the search either there in the airport concourse or in private. According to Sullivan, the appellant responded that he would "rather go somewhere in private," following which the officers led him to a Delta office. There, Sullivan read to him from a "consent to search card," informing him that he had the right to refuse to allow a search and the right to consult with an attorney before deciding whether to give his consent. The appellant asked Sullivan to read him those rights again, and, after Sullivan had done so, asked, "What if I don't consent to allow you to make the search?" Sullivan testified that he interpreted this statement as a withdrawal by the appellant of his previously expressed consent to the search and placed him under arrest at that time for giving a false name to a law enforcement officer. Approximately 368 grams of cocaine were seized during the subsequent search of the appellant's person conducted incident to that arrest.

When asked why he had not arrested the appellant for giving a false name at the time that offense had allegedly occurred instead of waiting until the appellant had withdrawn his consent to the search, agent Sullivan responded to the effect that he would not have arrested the appellant for giving a false name at all had the appellant permitted them to search him voluntarily and had the search not resulted in the discovery of contraband. *Held*:

The facts in this case are identical in all material respects to those in *Laws v. State*, 180 Ga. App. 528 (349 SE2d 478) (1986). Pursuant to our holding in that case, we must conclude that there was probable cause to arrest the appellant for the offense of giving a false name to a law enforcement officer and consequently that the subsequent search of his person was permissible as a search incident to a valid arrest.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED FEBRUARY 9, 1987.

*Alton G. Hartley*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.