## 76096. CARROLL v. THE STATE.
### (367 SE2d 81)

DEEN, Presiding Judge.

Steven Michael Carroll appeals from his conviction of violating the Georgia Controlled Substances Act, contending the trial court erred in denying his motion to suppress. The evidence showed that the seventeen-year-old defendant and his cousin disembarked from a Delta Airlines flight at Atlanta's Hartsfield International Airport from a flight originating in Fort Lauderdale, Florida. The young men attracted the attention of DEA agents because they deplaned after all the passengers and flight crew. They were poorly dressed, carried no baggage and appeared to be shocked when they noticed the officers' presence. The officers noticed that appellant had a large, abnormal bulge under his jacket, which he was attempting to conceal. As the young men walked down the concourse they appeared to be very nervous and repeatedly turned to watch the plain-clothes officers who were following them. One of the police officers approached, identified himself as a police officer and asked to speak with them. The appellant agreed to talk to him. The officer asked to see their airline tickets and Carroll's cousin handed him the tickets. The officer noted that they were one-way cash tickets from Fort Lauderdale, that no baggage claim checks were attached, and that the tickets were issued in the names of "Don and Jim Yates." When asked his name, the defendant responded, "Jim Yates." The officer returned the tickets and asked Carroll for identification. He then said his name was Michael Carroll. When the officer asked him if it was Jim Yates or Michael Carroll, the defendant began stuttering and said, "Oh, my name is Jim Yates." The officer believed that Carroll was attempting to mislead him as to his true identity, placed him under arrest, and conducted a pat-down search incident to the arrest. When the officer felt the suspicious bulge under Carroll's jacket, he asked what it was and Carroll admitted that it was narcotics. (It was later determined to be 168 grams of 82% pure cocaine.) In a post-arrest interview Carroll admitted that he had carried cocaine on several other occasions and that he used a false name so that he would not get caught. *Held*:

It is a misdemeanor to give "a false name . . . to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity." OCGA § 16-10-25. As there was probable cause for the officer to arrest Carroll for the offense of giving a false name to a police officer, we find that the subse-

quent search of his person was permissible as a search incident to a valid arrest. *Taylor v. State*, 181 Ga. App. 703 (353 SE2d 619) (1987). Accordingly, we find that the trial court did not err in denying Carroll's motion to suppress.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED MARCH 1, 1988.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.