## 76194. DURDEN v. THE STATE.
### (370 SE2d 528)

BENHAM, Judge.

Appellant was indicted for rape, robbery, and possession of cocaine. The possession count was severed from the rape and robbery counts, and the latter two were tried before a jury. The jury found appellant not guilty of robbery but guilty of rape. Appellant filed a motion for new trial, which the trial court denied, and appellant brought this appeal. We affirm.

1. In his first enumeration of error, appellant raises the general grounds. The victim testified that she met appellant for the first time on the day the crime occurred, and that as she was walking down the street, appellant drove by, attempted to get her attention, and engaged her in conversation. During that conversation, he offered to borrow his aunt's truck and help the victim and her roommate move their belongings to their new apartment. Appellant also offered to take the victim out for a few drinks until her roommate could leave work that evening. The victim agreed, and later that night after appellant and the victim had made a number of stops at various locations and had had a few drinks, appellant took the victim to his residence. When the victim said she was ready to go home, appellant took her back to his automobile, made her take off all her jewelry, and told her she would have to have sex with him if she wanted her jewelry back. The victim declined, saying he could keep the jewelry, but appellant became physically and verbally abusive and eventually forced

her to disrobe and have sexual intercourse with him in the front seat of his automobile. Appellant testified to the effect that he and the victim had engaged in consensual intercourse at his residence, that the victim had asked him for $20, and that he had refused to give it to her. The evidence was sufficient for a rational trier of fact to find appellant guilty of rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Robertson v. State*, 184 Ga. App. 796 (1) (363 SE2d 43) (1987).

2. Several days after the rape occurred, law enforcement authorities searched appellant's home pursuant to a warrant. The search produced, inter alia, a gold rope necklace that belonged to the victim. Appellant sought to have suppressed the evidence obtained in the search, contending that the affidavit supporting the warrant did not set out grounds sufficient to justify the search of appellant's residence. The trial court denied the motion to suppress, and appellant claims that denial was erroneously made. The record reflects that the affidavit in support of the warrant was based on information provided by the victim, independently corroborated by a witness who saw appellant and the victim together while she was wearing the jewelry in question. We find that there was sufficient information for the trial court to conclude that the issuance of the warrant was proper. "[U]nless the factual or credibility findings of the trial court on the motion to suppress are shown to have been clearly erroneous, those findings must be accepted by this court. [Cits.]" *Duckworth v. State*, 246 Ga. 631, 634 (272 SE2d 332) (1980). Although the victim stated that the rape and robbery occurred in appellant's motor vehicle, it was reasonable to infer that the jewelry would be found during a search of appellant's residence. Id.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 7, 1988.

*Carl Greenberg*, for appellant.
*Robert E. Wilson, District Attorney, Nelly F. Withers, James W. Richter, Assistant District Attorneys*, for appellee.