77498. HUNTER v. THE STATE.
(378 SE2d 352)

BENHAM, Judge.

This appeal is from appellant's conviction for trafficking in cocaine and giving a false name to a law enforcement officer. She enumerates as error the trial court's decision at her bench trial that the evidence was sufficient to convict her for giving a false name to a law enforcement officer, and the denial of her motion to suppress.

1. "A person who gives a false name . . . to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity is guilty of a misdemeanor." OCGA § 16-10-25. The basis of appellant's argument that the evidence does not warrant her conviction for giving a false name is that she corrected her misstatement before she became aware of the official nature of the arresting officer's inquiry.

Her arrest arose from a confrontation between her and a Drug Enforcement Administration agent at the airport in Atlanta. After appellant was stopped in the airport by the DEA agent, who identified himself as a law enforcement officer, she showed the agent her ticket and told him that the name on it was hers. When he asked for identification, she produced a driver's license with her correct name. The agent testified that the time between appellant's assertion that the name on the ticket was hers and her production of identification with her correct name was one minute or less, and that he did not tell her he was investigating drug trafficking until after she had shown her correct name.

Appellant offers no authority, and we are aware of none, for the proposition that a law enforcement officer, in order to be in the lawful discharge of his official duties, must inform anyone to whom he speaks in the course of that duty of the nature of his inquiry. In this case, the evidence shows that a DEA agent approached appellant, showed her his identification, asked whether he could speak with her, and then asked to see her ticket. Those circumstances are clearly sufficient to raise an inference that the agent was in the discharge of his official duties, and there was nothing in the record to counter such an inference. The evidence was sufficient for a rational trier of fact to find that appellant gave a false name to a law enforcement officer in

the discharge of his official duties and that she did so with the intent of misleading the officer as to her identity. Accordingly, the evidence was sufficient to support her conviction for the offense of giving a false name to a law enforcement officer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-10-25.

2. The DEA agent who arrested appellant testified at the hearing on her motion to suppress that he asked her three times for consent to search her and her effects and that appellant deflected his inquiry each time without actually refusing or giving consent. After the third time, the agent arrested her for giving a false name to a law enforcement officer. Her argument in support of her contention that the trial court erred in denying her motion to suppress is that the arrest was merely pretextual, that she was arrested only for the purpose of conducting a search incident to the arrest.

In *Taylor v. State*, 181 Ga. App. 703 (353 SE2d 619) (1987), this court found to be legal an arrest for giving a false name where the arresting officer testified that he would not have arrested the defendant at all if the defendant had consented to a search of his person and had been found not to possess contraband. We hold, therefore, as we did in that case, "that there was probable cause to arrest the appellant for the offense of giving a false name to a law enforcement officer and consequently that the subsequent search of [her] person was permissible as a search incident to a valid arrest." Id. at 704. We find no error in the denial of appellant's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 24, 1989.

*Steven E. Lister*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.