## A89A0402. FAJARDO v. THE STATE.
(381 SE2d 560)

SOGNIER, Judge.

Marcelino Enrique Fajardo was convicted of trafficking in cocaine and giving a false name to a law enforcement officer, and he appeals.

The transcript of the hearing on appellant's motion to suppress reveals that on June 3, Paul J. Markonni, a DEA Special Agent, accompanied by Atlanta Police Officer Vicki Prattes, observed appellant arrive at the Atlanta airport on a flight from Miami, a known drug source city. Markonni testified he noticed appellant speaking with another man and waiting while the other man requested connecting flight information. It appeared to Markonni that the two men were concealing their association, which in Markonni's experience was a common practice used by drug traffickers in commercial air travel. Markonni also noticed that appellant, who was dressed casually, had his shirt tail out, which Markonni identified as another common practice used by drug couriers to conceal drugs on their person. Based on these observations, Markonni decided to follow the two men.

Markonni testified that he approached appellant, identifying himself as a Clayton County Sheriff's Deputy, and appellant indicated in Spanish that he could not understand English. Markonni then said to appellant, "[t]icket?" whereupon appellant produced his airline ticket and handed it to Markonni. The ticket was a cash ticket in the name of Tony Hernandez and had no baggage claim checks attached. After glancing at the ticket, Markonni testified he asked appellant "Como ce llama?" (sic) and "without any hesitation at all [appellant] immediately said Tony Hernandez." Markonni further testified that he returned the ticket, and said to appellant, " '[p]assport, driver's license?' and he hesitated for a second and then he said, '[y]es.' And [appellant] reached into his tote bag and pulled out a large man's wallet that carries credit cards and a checkbook and business papers and things like that and from that he produced identification in his true name."

Appellant testified that he never told Markonni his name was Tony Hernandez. Rather, appellant insisted that Markonni had asked him if he was Tony Hernandez and he said he was not, and voluntarily drew out his driver's license to show Markonni his true name. Appellant also testified that the tote bag he was carrying, in which approximately half a kilogram of cocaine was later found, was not his, but that he had found it on the flight from Miami, and was going to

turn it in to the airline gate agent for the connecting flight. In fact, he testified that when Markonni stopped him, he thought the bag might have been Markonni's.

Appellant's sole enumeration of error is that the trial court erred by denying his motion to suppress the evidence seized in a search of the tote bag he was carrying, in that the arrest for giving a false name to a law enforcement officer, to which the search was incident, was an illegal arrest.

(a) Appellant argues that because he did not understand English and Markonni did not speak Spanish very well, the information in Markonni's possession at the time of the arrest was not sufficient to warrant a belief by a prudent man that appellant understood clearly the communications between them or intended to give Markonni a false name. We do not agree.

"The constitutional validity of [an] arrest without a warrant depends upon whether, at the moment the arrest was made, the officer had probable cause to make it; whether at that moment the facts and circumstances within his knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the appellant had committed or was committing an offense. [Cits.]" *Waits v. State,* 172 Ga. App. 524, 525 (1) (323 SE2d 624) (1984). In this case, a court interpreter, qualified by the State as an expert, testified at the hearing that "como ce llama" (sic) is universally understood by Spanish speakers as meaning "what is your name." If Markonni's testimony is believed, it is clear that appellant responded appropriately, albeit incorrectly, to the questions addressed to him by Markonni. The record also reveals the trial court indicated doubts about the veracity of appellant's testimony. The trial court found that appellant's testimony was not credible, and that Markonni had sufficient basis to warrant a prudent person in believing that appellant had intentionally given him a false name. " '(U)nless the factual or credibility findings of the trial court on the motion to suppress are shown to have been clearly erroneous, those findings must be accepted by this court. (Cits.)' [Cit.]" *Durden v. State,* 187 Ga. App. 433, 434 (2) (370 SE2d 528) (1988). We do not find these determinations by the trial court to be clearly erroneous, and consequently they must be accepted by this court. Id. Accordingly, the trial court did not err by denying appellant's motion to suppress.

(b) Appellant also argues that the arrest was illegal because at the time of his encounter with appellant, Markonni had not complied with the requirements of OCGA § 35-9-15, and thus was not a properly constituted Georgia law enforcement officer. As evidenced by the stipulations at trial of this case, no writing existed making him a Clayton County Sheriff's Deputy as required by OCGA § 35-9-15 (b),

nor had Markonni complied with the requirements of the Georgia Peace Officer Standards and Training Act, OCGA § 35-8-1 et seq. Because Markonni was thus not "authorized to exercise the powers of a law enforcement officer generally and particularly [was not] authorized to exercise the power of arrest," OCGA § 35-8-17 (a), he was not a properly constituted Clayton County Sheriff's Deputy, despite his displaying identification to the contrary, and thus even assuming appellant gave a false name to Markonni with the intent to mislead him, he could not be guilty of violating OCGA § 16-10-25.

Although appellant's argument has appealing logic, the issue has been decided by this court adversely to appellant in *Williams v. State*, 171 Ga. App. 807 (1) (321 SE2d 386) (1984), and the Supreme Court denied certiorari. We reject appellant's attempts to distinguish *Williams* on its facts, as we find them to be "on all fours" with those in the case sub judice. Because *Williams* is the law, we are constrained to follow it.

(c) Appellant's attempt to argue that the arrest was pretextual must fail because even assuming, arguendo, that this issue was raised below, it has previously been decided by this court adversely to appellant in circumstances closer than those presented by the facts here. *Laws v. State*, 180 Ga. App. 528 (349 SE2d 478) (1986); *Taylor v. State*, 181 Ga. App. 703 (353 SE2d 619) (1987).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 10, 1989.

*Kocher, Wilson, Lichtenstein & Cobb, Eric G. Kocher*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.

