## A89A0467. EXPOSITO v. THE STATE.
(382 SE2d 412)

BEASLEY, Judge.

Defendant Exposito appeals his convictions after a bench trial for trafficking in cocaine and giving a false name to a law enforcement officer. He enumerates as error the denial of his motion to suppress and the sufficiency of the evidence to sustain his convictions.

Defendant's attempt to argue that the court erred by excluding certain evidence will not be considered because it falls outside the scope of his enumerations of error. *Strong v. State*, 161 Ga. App. 606, 608 (6) (288 SE2d 921) (1982).

The evidence given at the hearing on the motion to suppress came entirely from the testimony of DEA Agent Johnson. He related that defendant and two others, Resca and Charpentier, were approached by him at the airport because their actions aroused his suspicions. He showed them his badge and credentials and inquired if he could speak with them. Two replied in the affirmative verbally and defendant nodded in agreement. Each was asked to show his plane ticket and each one handed his ticket to Johnson. Resca furnished his name and identification. Charpentier stated his name was Mitchell and provided no identification. When Johnson asked defendant his name he replied "Gonzales." The identification he then furnished showed his true name was Exposito.

Based upon the circumstances, Johnson sought and obtained consent to search from each of the three, Resca and Charpentier responding "yes" verbally and defendant again nodding affirmatively. He never indicated he did not understand the officer's requests. They all agreed to a private search and accompanied Johnson to a VIP lounge. Johnson told defendant to "sit down . . . because if nothing else happens, you're staying with me." Johnson testified from that point on he considered defendant under arrest for giving a false name and he intended to search defendant incident to the arrest, regardless. However, Johnson requested that Resca ask defendant in Spanish if he would consent to search of his bag. Resca related that de-

fendant acknowledged the bag which he carried from the plane was his and agreed to a search. When the search uncovered 1013 grams of what was later determined to be 79 percent pure cocaine hydrochloride Resca fled.

1. According to the United States Supreme Court there are three levels of encounter between an individual and the police. The first involves the mere accosting by an officer usually requesting name and identification. There is no threshold requirement and indeed the individual may refuse to answer or ignore the request and go on his way if he chooses, for this does not amount to any type of restraint and is not encompassed by the Fourth Amendment. The second is the "*Terry* type" [*Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968)] stop involving temporary restraint, a brief "seizure" which must be supported by articulable suspicion. The third is an actual or de facto arrest which requires probable cause and involves restraint of one's liberty. *Florida v. Rodriquez*, 469 U. S. 1, 5-6 (105 SC 308, 83 LE2d 165) (1984); *Florida v. Royer*, 460 U. S. 491, 497-500 (103 SC 1319, 75 LE2d 229) (1983); *United States v. Mendenhall*, 446 U. S. 544, 554 (100 SC 1870, 64 LE2d 497) (1980); *State v. Richardson*, 187 Ga. App. 456, 458 (370 SE2d 762) (1988); *Reid v. State*, 179 Ga. App. 144, 145 (345 SE2d 635) (1986).

Here the initial encounter was of the first type which needed no basis but was sustained by routine police work investigating possible law violations. That led to articulable and reasonable suspicion resulting from the mannerisms and actions of the trio and thence, by a natural maturation process, to probable cause for a law violation when defendant gave the officer a false name. See *Reid*, supra at 146. Although the officer now had a basis to pursue a search, i.e., a valid arrest, he sought defendant's consent and received what he reasonably perceived to be acquiescence.

Defendant argues persuasively that if he did not understand English then he could have acted just as he did while being perfectly innocent of any wrongdoing and while retaining his right to decline to consent or submit to a search. But there is only an inference that he spoke only Spanish and was incapable of understanding anything said to him in English. There is not a shred of direct evidence to that effect. We are asked to infer from the fact that the officer requested Resca to translate to him a request for his consent the fact that he did not comprehend what had been and was being asked of him. That inference requires a further inference, that Resca gave defendant an erroneous translation of what was sought so his consent was to something other than a search. The evidence does not require such a finding and the trial court's contrary determination was not clearly erroneous. *Williams v. State*, 251 Ga. 749, 792 (8a) (312 SE2d 40) (1983); *Voight v. State*, 169 Ga. App. 653, 654 (314 SE2d 487) (1984); *Mc-*

*Shan v. State*, 155 Ga. App. 518, 519 (2) (271 SE2d 659) (1980).

Even if the consent was not given, the misdemeanor committed in the officer's presence authorized the search. *Verhoeff v. State*, 184 Ga. App. 501, 502 (362 SE2d 85) (1987); *Taylor v. State*, 181 Ga. App. 703, 704 (353 SE2d 619) (1987); *Laws v. State*, 180 Ga. App. 528, 529 (349 SE2d 478) (1986); *Williams v. State*, 171 Ga. App. 807, 808 (1) (321 SE2d 386) (1984).

2. The evidence was sufficient for a rational trier of fact to find defendant guilty beyond a reasonable doubt of the crimes charged.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 19, 1989 —
REHEARING DENIED JUNE 2, 1989.

*James W. Bradley*, for appellant.

*Robert E. Keller*, District Attorney, *Clifford A. Sticher*, Assistant District Attorney, for appellee.