A90A0550. MARTINEZ-RODRIGUEZ v. THE STATE.
(393 SE2d 748)

SOGNIER, Judge.

Gregorio Martinez-Rodriguez was convicted of trafficking in cocaine, and he appeals.

The record reveals that on October 20, 1988, Agent Robert Sousa of the Drug Enforcement Agency was working at the Atlanta Airport and observed a person later identified as appellant disembark from a flight from Miami, a known drug source city. Sousa testified that his attention was drawn by appellant's disheveled appearance, his loose shirttails, and the fact that he was walking "slightly faster than normal" and looking over his shoulder repeatedly as though suspecting he was being followed. Sousa averred that he followed appellant and approached him as appellant walked to a car parked outside the terminal; that he displayed his credentials, and asked to see appellant's ticket, and that after replying "my ticket?" appellant handed Sousa his airplane ticket. Sousa testified he then asked appellant his name and for identification, to which appellant responded appropriately, and then told appellant he was a narcotics agent looking for drugs, and asked permission to search appellant's person and the bag he was carrying.

At that point, according to Sousa's testimony, appellant became extremely nervous and stated that he did not understand. Speaking English, Sousa then asked appellant to call over his friend in the parked car to translate for them, and appellant did so. Although Sousa did not speak Spanish, he presumed that from that point, everything he said was being translated and repeated in Spanish. Sousa testified that he again asked appellant if he could search the bag, and that appellant, after looking at Sousa and saying "the bag?" said "I don't care." After inquiring if appellant would prefer to be searched there on the sidewalk or someplace more private, and hearing appellant respond "[i]t doesn't matter," the agent testified they walked to a more private area, and upon inquiring again if it was all right to search the bag and seeing appellant nod affirmatively, he searched the bag and, under some clothing, found two tin boxes containing white powder later identified as 1,042 grams of 52 percent cocaine.

Sousa testified that appellant was then placed under arrest and taken to the DEA office at the airport, where he was advised of his rights and indicated that he understood them, and a conversation in English ensued between appellant and Sousa in the presence of several other DEA agents, in which appellant was appropriately respon-

sive to all questions, indicating that he knew why he had been arrested (for "the cocaine"), and giving information about his occupation, how long he had been in this country, and how much money he had on his person.

Appellant filed a motion to suppress the evidence obtained in the search of his bag on the basis that he did not speak or understand English sufficiently to enable him to provide knowing and voluntary consent to the search. After hearing evidence, the trial court denied the motion. A bench trial was held thereafter at which the evidence presented by the State at the hearing on the motion to suppress was stipulated, and appellant was convicted.

1. Appellant contends the trial court erred by excluding testimony of his expert witness at trial, Dr. June Laval, an associate professor of modern languages at Mercer University Atlanta with special training in linguistics and Spanish, and by limiting her testimony in support of his renewed motion to suppress.

We do not agree with appellant that any testimony from Dr. Laval was excluded. Although the trial court expressed some skepticism about Dr. Laval's ability to ascertain whether someone truly could not understand English or was merely feigning a lack of understanding, the record reveals that he did allow her to testify concerning the details of her examination of appellant and the conclusions she drew. Accordingly, we find no error.

2. Although appellant argues that the motion to suppress should have been granted because the State failed to meet its burden of showing that his consent was freely and voluntarily given, see *Bumper v. North Carolina*, 391 U. S. 543, 548 (88 SC 1788, 20 LE2d 797) (1968), the denial of the motion to suppress was not enumerated as error, and an enumeration of error may not be enlarged by brief on appeal to cover issues not enumerated. *Nobles v. State*, 191 Ga. App. 594, 599 (6) (382 SE2d 637) (1989).

3. We find appellant's second enumeration, in which he asserts the trial court erred by holding that he should have produced evidence that he did not consent to the search, similarly unsupported by the record. The trial court remarked only that the State's evidence regarding consent was unrebutted, and stated that there was evidence before him that appellant *did* consent, and no direct evidence that he did *not* consent. The State proffered the testimony of Agent Sousa to show that appellant did consent to the search, and that evidence was unrebutted by appellant. Although there was *some* evidence that appellant did not understand English well, there was also evidence that he did. The question of whether consent was given is a fact question, and because there was competent evidence to support the trial court's ruling on this question, we will not disturb it. *Voight v. State*, 169 Ga. App. 653, 654-655 (314 SE2d 487) (1984).

4. Appellant contends the trial court erred by refusing to consider appellant's renewed motion to suppress at the beginning of the bench trial. This enumeration is without merit. Although, as appellant indicates, it is perfectly proper to renew such a motion and to submit additional evidence for the court's consideration on the issue, see *Chastain v. State*, 158 Ga. App. 654 (281 SE2d 627) (1981), the decision whether to set aside its previous order denying the motion to suppress remains entirely in the discretion of the trial court. Id. at 655. The trial court permitted appellant to present the testimony of Dr. Laval, which had not been presented at the motion hearing (see Division 1, supra), and thus we find no support in the record for appellant's contention that the trial court refused to consider the renewed motion. Since there was evidence to support it, we find no abuse of the trial court's discretion in its denial of the renewed motion. " '(U)nless the factual or credibility findings of the trial court on the motion to suppress are shown to have been clearly erroneous, those findings must be accepted by this court. (Cits.)' [Cit.]" *Durden v. State*, 187 Ga. App. 433, 434 (2) (370 SE2d 528) (1988).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 1, 1990.

*M. Randall Peek*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.