A92A2215. THE STATE v. MARCUS.
(425 SE2d 351)

McMURRAY, Presiding Judge.

Defendant Marcus is charged by indictment with the offenses of trafficking in cocaine and possession of a firearm during the commission of a crime. A motion to suppress contraband found in a vehicle driven by defendant was denied on August 26, 1988, by Judge William Killian. Subsequently, a bench warrant for the arrest of defendant was issued for his failure to appear at a scheduled court appearance, but defendant was not arrested, and the case was placed on the dead docket on March 25, 1991. Following the arrest of defendant, the case was removed from the dead docket and returned to active status. Upon reinstatement of the case, it was apparently assigned to Judge Blenn Taylor. On June 5, 1992, defendant filed a motion for rehearing or reconsideration of his 1988 motion to suppress. Upon consideration of defendant's motion, Judge Taylor granted defendant's motion to suppress and the State appeals this ruling. *Held*:

1. The State contends that the trial court abused its discretion by granting defendant's motion for rehearing where the previous judge's order denying defendant's motion to suppress was authorized by the evidence presented at the original hearing and where defendant presented neither new evidence nor new law in support of the motion for rehearing. The trial court may, within its sound discretion, consider anew a suppression motion previously denied. *Chastain v. State*,

158 Ga. App. 654, 655 (281 SE2d 627). See also *Martin v. State*, 201 Ga. App. 716, 717 (1) (411 SE2d 910) and *Martinez-Rodriguez v. State*, 195 Ga. App. 491, 493 (4) (393 SE2d 748). While previous Georgia cases have involved primarily the introduction of additional evidence relevant to the issues raised under a motion to suppress evidence, the holding in *Chastain* should not be narrowly confined to any particular circumstances. It is clear from the federal authority underlying *Chastain*, that the goal is to secure the ends of justice, and that to this end the trial court will not err in exploring whether intervening matters, whatever they may be, have cast doubt on previous rulings on the issue of suppression.

Nor did the trial court abuse its discretion in entering factual findings from the written record which were inconsistent with those implicit in the previous ruling on the motion to suppress evidence. Indeed, similar circumstances were examined and approved in *United States v. Raddatz*, 447 U. S. 667 (100 SC 2406, 65 LE2d 424) which is cited and followed in *Chastain*.

Relying upon our decision in *Cook v. State*, 141 Ga. App. 241 (233 SE2d 60), the State contends that the trial court erred in rehearing defendant's motion to suppress evidence without vacating the previous order denying the motion to suppress evidence. However, we fail to see any manner in which the *Cook* decision is relevant to the case sub judice. We do not agree that this case presents the "reverse situation" of that found in *Cook*, and conclude that this contention is without merit. Therefore, we conclude that the trial court did not err in reconsidering defendant's motion to suppress evidence.

2. The State's remaining enumeration of error contends that the trial court erred in granting defendant's motion to suppress evidence. While the State argues that defendant lacked standing to contest the search of the car he was driving, we find this assertion to be without merit. The uncontroverted evidence is that the vehicle had been entrusted to defendant by its owner; he was the sole occupant and driver; and defendant had personalty in the vehicle. *State v. Combs*, 191 Ga. App. 625 (1) (382 SE2d 691); *Pupo v. State*, 187 Ga. App. 765, 767 (5) (371 SE2d 219).

The State's evidence was that defendant was stopped by State Trooper Bennett, who observed the vehicle driven by defendant to be traveling on the yellow line on the left side of the northbound lane of an interstate highway. The trooper testified that defendant then changed to the right lane without giving a signal and then crossed the white line on the right side of the roadway. Defendant produced a Florida driver's license upon request and also the vehicle registration. The trooper testified that after he had talked to defendant for a while, he asked defendant "if he minded if I took a look in the trunk of his car and he said that he did not. And he opened the trunk for

me." Under the State's evidence, the defendant went on to consent to the trooper looking in a suitcase in the trunk and eventually in a box in the suitcase where the contraband was found.

In contrast, the defendant testified that he was not weaving and had not crossed the lines at the sides of the roadway. Defendant also testified that he had not given consent for the search of the trunk of the car, nor the suitcase or box, and that he had opened the trunk only after the trooper had asserted that he had a right to it whether defendant wanted him to or not.

Unless clearly erroneous, the trial court's ruling on disputed facts and credibility at a suppression hearing must be accepted on appeal. *Dean v. State*, 250 Ga. 77, 80 (295 SE2d 306). Judge Taylor's order granting defendant's motion for summary judgment states that: "All of the factual arguments and citations in the brief of Defendant submitted in this Court are adopted as findings of fact and conclusions of this Court." When we examine defendant's brief in support of his motion for rehearing of motion to suppress, we find a statement that: "Trooper Bennett never had any legitimate and unmotivated basis to stop Mr. Marcus." This statement from defendant's brief is supported by the evidence at the motion to suppress hearing and the trial court has adopted this assertion, among others from defendant's brief, as its finding of fact. The finding of fact of the trial court, thus derived, is not clearly erroneous and therefore must be accepted by this court on appeal. *Dean v. State*, 250 Ga. 77, 80, supra; *Martinez-Rodriguez v. State*, 195 Ga. App. 491, 493 (4), supra. This finding of fact presents a pretextual stop situation and brings this case squarely under the holding in *Tarwid v. State*, 184 Ga. App. 853 (363 SE2d 63). Therefore, the trial court's grant of defendant's motion to suppress evidence must be affirmed.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED NOVEMBER 5, 1992 —
RECONSIDERATION DENIED NOVEMBER 20, 1992

*W. Glenn Thomas, Jr., District Attorney, Stephen G. Scarlett, Kevin R. Gough, Assistant District Attorneys*, for appellant.
*Lane & Crowe, Grayson P. Lane*, for appellee.