A92A1808. THE STATE v. SLATER et al.
(428 SE2d 676)

JOHNSON, Judge.

Timothy Lebron Slater was indicted for trafficking in cocaine, possession of cocaine with intent to distribute, and possession of a firearm during the commission of a crime as a result of a search which took place after a traffic stop. The trial court granted Slater's motion to suppress evidence, finding that the arresting officer had an "ulterior motive to interdict drug trafficking." The state appeals from that order, contending that the trial court erred in finding that the stop was pretextual. We agree and reverse.

At approximately 11:00 p.m. on January 12, 1992, a Cherokee County deputy sheriff was parked in the median of Interstate 75 observing northbound traffic. He noticed that the tag light was out on a passing car and "fell in" behind it. After following the car for three-quarters of a mile, the deputy observed the car weaving over the lane lines and pulled it over. The deputy approached the car and asked the driver, Slater, to step to the rear of the car. Three passengers remained inside. The deputy asked Slater for his driver's license.

Slater was unable to produce it, explaining that he had left his wallet at his cousin's house. Slater later told the deputy that he had left his wallet and license at the stadium. The deputy then asked the passengers where they had been. The passengers responded that they had been to a club. None of the passengers mentioned anything about a ballgame, even when the officer asked them if they had been anywhere else. The deputy issued a ticket to Slater for failure to maintain lane. He then asked for and obtained Slater's oral and written consent to search the car for illegal drugs, money, and guns. The search produced cocaine and a firearm. Slater was arrested.

"[I]n determining when an investigatory stop is unreasonably pretextual, the proper inquiry is not whether the officer *could* validly have made the stop but whether under the same circumstances a reasonable officer *would* have made the stop in the absence of the invalid purpose." (Emphasis in original; citations and punctuation omitted.) *Tarwid v. State*, 184 Ga. App. 853, 854 (1) (363 SE2d 63) (1987). The deputy testified that he pulled Slater's car over for failure to maintain lane and a tag light violation. He further testified that he regularly stops motorists for weaving because of the number of drivers driving under the influence of alcohol on Interstate 75 at that time of the night. A reasonable officer would have stopped Slater under the circumstances presented here. See *Guerrero v. State*, 198 Ga. App. 397 (401 SE2d 749) (1991) (where this court affirmed the denial of a motion to suppress evidence after concluding that a reasonable officer would have stopped defendant after observing him weave several times on the interstate).

We recognize that on a motion to suppress evidence, the trial court sits as the trier of fact and its finding should not be disturbed by this court if there is any evidence to support them. *State v. White*, 197 Ga. App. 426, 427 (398 SE2d 778) (1990). Although the arresting officer was heavily trained to recognize the drug courier profile, the record is devoid of evidence suggesting that the officer used a "drug courier profile" or any other pretext in stopping Slater's car. The stop was clearly predicated upon the undisputed fact that Slater was violating the traffic laws of this state. The trial court erred in granting Slater's motion to suppress.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 9, 1993.

*Garry T. Moss, District Attorney, T. Russell McClelland III, Assistant District Attorney*, for appellant.

*David L. Cannon*, for appellees.