A94A0489. STANLEY v. THE STATE.
(443 SE2d 633)

ANDREWS, Judge.
Wilbur Stanley was convicted of trafficking in cocaine, violation

of the Georgia Controlled Substances Act, and giving a false name to a law enforcement officer. In *Stanley v. State*, 206 Ga. App. 125 (424 SE2d 90) (1992), he appealed claiming the trial court erroneously dismissed his motion to suppress without a hearing. We remanded the case to the trial court for a hearing on the merits of the motion. Id. Stanley appeals from the trial court's subsequent denial of his motion to suppress.

Stanley moved to suppress evidence of contraband used to support his conviction which was found during a warrantless search of his baggage conducted incident to his arrest shortly after arriving at Hartsfield International Airport in Atlanta. Based on information police obtained from a confidential informant, Stanley was stopped and questioned at the airport by police officers on the suspicion that he was in possession of cocaine and marijuana. He was arrested by the officers for giving them a false name during the questioning. The search at issue was conducted incident to the arrest.

Stanley contends in his motion that the officers had no reasonable basis to stop and question him and that the arrest for giving a false name was pretextual and without probable cause.

Evidence was produced at the hearing on the motion to suppress showing that, based on the information supplied by the confidential informant, the officers had reasonable suspicion that Stanley was engaged in criminal activity sufficient to stop and question him. See *Alabama v. White*, 496 U. S. 325, 326-327 (110 SC 2412, 110 LE2d 301) (1990); *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). The informant had not previously provided information to the police. Although a tip provided by an informant of unknown reliability will not ordinarily create a reasonable suspicion of criminal activity (see *State v. Jarrells*, 207 Ga. App. 192 (427 SE2d 568) (1993)), if the tip is detailed enough to provide some basis for predicting the future behavior of the suspect, reliability may be established if the details are corroborated by the observations of the police. The informant in this case provided enough detailed information about the defendant which was subsequently verified by the police. She told police the defendant would be transporting the drugs from Miami to Atlanta; provided the airline and flight on which he would arrive from Miami; gave a physical description of Stanley, the clothes he would be wearing, and the bag he would be carrying; and told police his name was Wilbur Stanley who resided at a Cawthorne Street address in Atlanta. Police confirmed Stanley's Cawthorne Street address and observed an individual arrive on the described flight who matched the physical description given, was dressed as described, and was carrying a bag of the type described by the informant. This was sufficient verification of the information provided by the informant to raise an articulable suspicion for an investigatory stop. *Alabama v. White*,

supra, 496 U. S. at 330-332; *State v. Holton*, 205 Ga. App. 434, 436-437 (422 SE2d 295) (1992). The trial court correctly concluded that the initial stop and questioning was lawful.

Other evidence at the suppression hearing showed that three police officers (one uniformed and two plainclothes) identified themselves, stopped the defendant, told him they had information he was carrying drugs, and asked him his name. He told the officers his name was Steven Stanley. The officers then asked him for identification and he gave the officers his airline boarding pass showing the name of Gene Hudson. When the officers asked him for further proof of his identity, the defendant said he had identification in the bag he was carrying. At the officers' suggestion that they move to a more private area off the busy airport concourse, the defendant voluntarily accompanied them to a nearby police office located in the airport. At the office, the police asked for consent to search the defendant's person and the bag. After the defendant refused to give consent, he was arrested on the charge of giving a false name to the officers during the earlier questioning. During a search of the bag incident to the arrest, police found cocaine and marijuana along with identification showing that the defendant's name was Wilbur Stanley.

There was evidence that prior to his arrest, the defendant provided the police officers with two different names in response to their requests that he identify himself. The evidence was sufficient to support the trial court's conclusion that the police had probable cause to arrest the defendant for the offense of giving a false name with the intent of misleading the officers as to his identity in violation of OCGA § 16-10-25 and that there was a lawful search of the defendant's bag incident to the arrest. *Laws v. State*, 180 Ga. App. 528, 529 (349 SE2d 478) (1986); *Taylor v. State*, 181 Ga. App. 703, 704 (353 SE2d 619) (1987); *Hunter v. State*, 190 Ga. App. 24, 25 (378 SE2d 352) (1989); *Fajardo v. State*, 191 Ga. App. 295, 296-297 (381 SE2d 560) (1989); *Exposito v. State*, 191 Ga. App. 761, 762-763 (382 SE2d 412) (1989).

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED MARCH 29, 1994 —
RECONSIDERATION DISMISSED MAY 2, 1994.

*Ed L. Adams,* for appellant.
Wilbur Stanley, *pro se.*
*Robert E. Keller, District Attorney,* for appellee.