## A94A0228. THE STATE v. SLATER.
### (446 SE2d 771)

Judge Harold R. Banke.

Defendant was indicted for the offenses of trafficking in cocaine, possession of cocaine with intent to distribute, and possession of a firearm during the commission of a crime. The cocaine and firearm were seized from defendant's vehicle as a result of a search which took place after a traffic stop. Defendant filed a motion to suppress evidence which was granted by the trial court on May 21, 1992. In its order, the trial court held that although defendant committed a traffic violation, the traffic stop of defendant by the police officer was pretextual, and that the consent obtained from defendant was tainted by the unreasonably pretextual stop and was not sufficiently attenuated by a lapse of time or intervening circumstances.

The State appealed the trial court's granting of the motion to suppress to this court, and we reversed, holding the traffic stop of defendant was not pretextual because "[t]he stop was clearly predicated upon the undisputed fact that Slater was violating the traffic laws of this state." *State v. Slater,* 207 Ga. App. 669, 670 (428 SE2d 676) (1993) (*"Slater I"*). No motion for reconsideration was filed by defendant in *Slater I* following our reversal.

Upon return of the remittitur, defendant filed a motion for reconsideration of the motion to suppress in the trial court. After hearing no new evidence on this motion, the trial court issued a second order on September 28, 1993, again granting defendant's motion to suppress. In this second order the trial court found that defendant had committed no traffic violation, and the police officer's stop of defendant was pretextual. The State now appeals the trial court's second order granting defendant's motion to suppress evidence.

Citing *State v. Marcus,* 206 Ga. App. 385 (1) (425 SE2d 351) (1992), defendant contends that a trial court has the right to reconsider a motion to suppress evidence where the "goal is to secure the ends of justice . . . [if] . . . intervening matters, whatever they may be, have cast doubt on previous rulings on the issue of suppression." *Marcus* at 386. In this case, defendant argues, the intervening matter

was the trial court's decision to reinterpret the testimony presented at the original hearing and conclude that the police officer was not engaged in a valid traffic stop.

However, defendant's reliance on *Marcus* and other cases cited in his brief is misplaced. These cases involve a trial court's reconsideration of a suppression motion *before* the trial court's ruling has been reviewed by this court on appeal. In the present case, the trial court reconsidered defendant's motion to suppress evidence *after* the trial court's original order granting defendant's motion to suppress evidence had been reviewed by this court and we had determined as a matter of law that the traffic stop was not pretextual. *Slater* at 670. Notwithstanding our reversal of the trial court's original granting of defendant's motion to suppress evidence, the trial court once again issued a suppression order on the very same issue that had been before this court on appeal. Because this issue has been appealed and decided adversely to defendant in *Slater I*, relitigation of this very same issue is precluded by res judicata. *Camp v. State*, 181 Ga. App. 714 (1) (353 SE2d 832) (1987). See also *Blalock v. State*, 201 Ga. App. 461 (411 SE2d 914) (1991). "It is axiomatic that the same issue cannot be relitigated ad infinitum. [Cit.]" *Horton v. State*, 189 Ga. App. 370 (375 SE2d 668) (1988). See also *Stirling v. State*, 199 Ga. App. 877 (406 SE2d 282) (1991). Accordingly, the trial court erred in reconsidering defendant's motion to suppress evidence.

*Judgment reversed. Birdsong, P. J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

In light of our Supreme Court's recent opinion in *Tate v. State*, 264 Ga. 53 (440 SE2d 646) (1994), and the findings of the trial court in *State v. Slater*, 207 Ga. App. 669 (428 SE2d 676) (1993), this court should affirm the trial court's granting of the defendant's motion to suppress. However, I am forced to recognize that, procedurally, this issue is not before us.

The facts in *Tate* are virtually identical to those in the case at bar, and the facts in both cases are summarized by Judge Richard S. Gault of the Cherokee County Superior Court in his original orders granting the motions to suppress.[1] In both cases, the defendants were stopped while driving north on I-75 in Cherokee County, Georgia. Officers Bishop and Shields, the leading drug officers of their force, were involved in the stops, and at the time of the stops, both officers had drug detection dogs in their patrol vehicles. Both defendants were traveling at night and were stopped allegedly for weaving and tag

---

[1] The summary of the facts in *Tate* is completely set out in our opinion in that case at *State v. Tate*, 208 Ga. App. 117, 118-120 (430 SE2d 9) (1993), rev'd 264 Ga. 53, supra.

light violations. A review of the ten "traffic" stops, on I-75, approximately two miles of which runs through Cherokee County, on the videotape which is contained in the record, reveals that eight of the ten involved out-of-state vehicles and five of the ten drivers were given warnings. For no apparent reason, there were requests to search three of the vehicles at the conclusion of the traffic stops. On two stops, it was apparent that the videotape had been altered to delete material. On those stops which include deletions, the tapes stop in mid-sentence with both the officer and detainee in front of the vehicle, which could, under these circumstances, only have occurred as a result of a subsequent modification of the tape, which was in the officer's possession. A pattern of stopping out-of-state vehicles is obvious. Also, none of the videos include a recording of the alleged conduct which justified the initial stop, and all filming begins after the vehicles are stopped.

The evidence clearly supports the trial court's conclusion that the subject stop was pretextual. All pretextual stops, by definition, have the appearance of being valid. If they did not, they would not be pretextual, they would simply be illegal. At the conclusion of the "traffic stop" and for no apparent reason, Slater was asked for consent to search his vehicle. The trial court found that the "consent" given by Slater was tainted and was not voluntary.

As stated by our Supreme Court in *Tate*, "[w]hen an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge 'hears the evidence and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it.' Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment." (Citations and punctuation omitted.) 264 Ga. 54.

In the case at bar, "[t]he trial court addressed the question of whether the deputy stopped [Slater] for a traffic violation or to investigate a potential traffic violation, and stated that whether he did or did not was a question of credibility. The trial court then resolved the issue adverse to the deputy's testimony. Credibility of witnesses and the weight to be given their testimony is a decision-making power that lies solely with the [judge when he sits as] the trier of fact. The [judge as the] trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony. *State v. Betsill*, 144 Ga. App. 267 (240 SE2d 781)

(1977)." (Footnote omitted.) *Tate*, 264 Ga. at 56.

As in *Tate*, the trial court here found that there was evidence that the officer's testimony was not credible as to whether Slater committed a traffic violation.[2] It was within the trial court's province to make such a determination and this finding must be accepted unless clearly erroneous. *Woodruff v. State*, 233 Ga. 840, 844 (213 SE2d 689) (1975). Following the reasoning of our Supreme Court in *Tate*, the facts as found by the trial court in the instant case support the determination that the stop of Slater was pretextual and would not have been made by a reasonable officer in the absence of an invalid purpose. See 264 Ga. at 57.

The trial court correctly concluded that the consent obtained from Slater was tainted by the unreasonable pretextual traffic stop and was not sufficiently attenuated by a lapse of time or intervening circumstances. See *Brown v. State*, 188 Ga. App. 184, 187 (372 SE2d 514) (1988). Accordingly, the trial court's orders granting Slater's motion to suppress should be affirmed.

Recognizing that our decision in *State v. Slater*, 207 Ga. App. 669, supra was incorrect, it is unfortunate that the defendant failed to follow the correct procedures to appeal that decision. I am also frustrated that there exists no procedure by which this court can correct its own errors in a specific case, absent motions by the parties. As the trial court stated in its order, the ends of justice required that defendant's motion to suppress be granted.

DECIDED JULY 14, 1994 —
RECONSIDERATION DENIED JULY 26, 1994 — 

*Garry T. Moss, District Attorney, Gregory A. Hicks, Assistant District Attorney*, for appellant.
*David L. Cannon*, for appellee.

---

[2] Indeed, on remand, in its second order granting Slater's motion to suppress, the trial court specifically found "there was no traffic violation by the defendant in this case."