### A93A2157. DORSEY v. THE STATE.
(441 SE2d 891)

BEASLEY, Presiding Judge.

Dorsey was indicted for "VGCSA — Sale of Cocaine" on February 8, 1991, to an undercover GBI agent and "VGCSA — Sale of Imitation Crack Cocaine" to a second undercover agent on February 20, 1991. A jury found him guilty of both charges. He appeals the convictions following the denial of his motion for new trial.

1. Dorsey contends that the trial court erred in denying his motions for a directed verdict, for new trial, and in arrest of judgment in regard to the imitation crack cocaine charge because the "sale" of an imitation controlled substance is not a violation of OCGA § 16-13-30.2 (a) or of any criminal law in Georgia. He further maintains that the evidence introduced on this offense infected his trial on the sale of cocaine charge so as to deny him due process of law under both the state and federal constitutions.

The evidence showed that on February 20, Dorsey sold to a narcotics agent "off-white chunky material" in two zip-lock plastic bags which he represented to be crack cocaine. In a custodial statement to law enforcement officers, Dorsey said, "I remember selling the 'FLEX' to the agents the second time. 'FLEX' is cooked-up Goody powders with ORAJEL on it. Goody powders cook up just like cocaine."

During the hearing on Dorsey's motion for directed verdict, the State maintained that Dorsey should be prosecuted under OCGA § 16-13-30.1, the violation of which is a felony. The trial court rejected this, concluding that the indictment charged a violation of OCGA § 16-13-30.2, a misdemeanor of a high and aggravated nature, and the jury was instructed to consider the evidence in the context of

OCGA § 16-13-30.2.

The indictment clearly charged Dorsey with selling an "imitation controlled substance," which is the conduct proscribed by OCGA § 16-13-30.2. It provides, "Any person who knowingly manufactures, distributes, or possesses with intent to distribute an imitation controlled substance as defined in paragraph (12.1) of Code Section 16-13-21 is guilty of a misdemeanor of a high and aggravated nature." Furthermore, the evidence was that the substance in the second buy was "specifically designed or manufactured to resemble the physical appearance of a controlled substance, such that a reasonable person of ordinary knowledge would not be able to distinguish the imitation from the controlled substance by outward appearances." OCGA § 16-13-21 (12.1). This factor is requisite for a violation of OCGA § 16-13-30.2 but is not an element of OCGA § 16-13-30.1. *State v. Burgess*, 263 Ga. 143, 145 (2) (429 SE2d 252) (1993).

The next question is whether or not a "sale" is an act prohibited under OCGA § 16-13-30.2.

The statute expressly prohibits distribution. OCGA § 16-13-21 (11) defines "distribute" as "to deliver a controlled substance, other than by administering or dispensing it." Subsection (7) of that statute defines "deliver" or "delivery" as "the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." "The term 'sale' is generally given a broader definition in the drug context than in other fields of law, so as to include not only the exchange of the goods for valuable consideration, but also barter and gift and often the offer or agreement to sell, exchange, give or otherwise transfer the drugs to another. [Cits.] . . . [A] sale necessarily includes a delivery of goods for a price and the sale is complete upon delivery." *Robinson v. State*, 164 Ga. App. 652, 654 (1) (297 SE2d 751) (1982).

Thus, a sale is a distribution by definition, although a distribution may or may not be a sale. The legislature chose not to expressly enumerate "sell" on the list of expressly prohibited activities under OCGA § 16-13-30.2 but instead used a more generic term. See the writer's concurrence in part and dissent in part in *Burgess v. State*, 204 Ga. App. 766, 769 (420 SE2d 590) (1992), overruled by *State v. Burgess*, supra. The conduct of selling is subsumed in the expressly prohibited activity of distributing and therefore constitutes a violation of the statute.

2. Dorsey contends that the court erred by admitting into evidence his custodial statement because it was obtained after law enforcement officers arrested him pursuant to an arrest warrant procured through known falsehood. Dorsey's statement admitted both the sale of cocaine and the later sale of the imitation.

The warrant is based on the buy of imitation crack cocaine on

February 20. Dorsey maintains that the involved agent, Holbrook, swore that the content of the affidavit in support of the arrest warrant was true, i.e., that Dorsey had sold him a quantity of crack cocaine, even though Holbrook then knew that what he had purchased was not a controlled substance.

At trial, Holbrook admitted signing the affidavit as stated even though he knew the substance was not crack cocaine but explained that he had informed the issuing magistrate of the true situation, that he (Holbrook) had understood it was still a violation of the same law, and that the magistrate decided that the misstatement in the affidavit did not matter. The magistrate testified he did not recall being told that the facts as stated were untrue but that he would not have written a warrant on facts he knew were false.

Assuming that the arrest warrant based on the February 20 transaction was illegally obtained on knowingly made false information, this did not require suppression of Dorsey's custodial statement. Dorsey was arrested also pursuant to another and separate arrest warrant, one issued for the February 8 sale of cocaine to agent Montgomery, which warrant Dorsey concedes was valid. "The 'fruit of the poisonous tree' 'doctrine is limited to evidence which the police cannot trace to an independent and lawful source. [Cits.]' [Cit.]" *State v. Wright*, 204 Ga. App. 382, 383 (2) (419 SE2d 334) (1992). Thus the statement has a means "sufficiently distinguishable to be purged of the primary taint." *United States v. Terzado-Madruga*, 897 F2d 1099, 1113 (1990).

*Judgments affirmed. Cooper and Johnson, JJ., concur. Smith J., disqualified.*

DECIDED MARCH 9, 1994 —
RECONSIDERATION DENIED MARCH 17, 1994.

Thompson, Fox, Chandler, Homans & Hicks, Joseph A. Homans, for appellant.
*David C. Turk III, District Attorney*, for appellee.

