## A95A2461. MORRIS v. THE STATE.
(470 SE2d 458)

McMURRAY, Presiding Judge.

Defendant Morris appeals his conviction of the offenses of trafficking in cocaine and of giving a false name to a law enforcement officer. *Held*:

This drug case involves an airport arrest of an in-transit airline passenger and the subsequent search of his baggage. The three enumerations of error complain of the denial of defendant's motion to suppress the contraband seized in the search of the baggage.

After receiving information that an individual traveling on a one-way cash ticket from a drug source city (Los Angeles) would be changing airplanes at the Atlanta airport, agents of the drug task force made plans to meet that individual's flight. The agents obtained a copy of the passenger name record and called the Los Angeles call-back number given by passenger Timothy Johnson, getting an answering machine. The agents later discovered that the voice of the passenger traveling as Timothy Johnson did not sound like the voice on the recording.

After defendant deplaned and asked for directions to his connecting flight, he was approached by two special agents who showed their credentials and asked to speak to him. Defendant consented to speak to the agents and pursuant to their request presented his ticket in the name of Timothy Johnson. In response to an agent's query, defendant also stated that his name was Timothy Johnson.

One of the agents inquired as to the purpose for the trip, asking whether the trip was for business or pleasure, and was told that the purpose of the trip was business. Further inquiry revealed that the purpose of the trip was to visit a sick grandmother. The State maintains that the clarification amounts to a contradiction of the original statement that the trip was for business rather than pleasure. Indeed, one of the special agents testified at the motion to suppress hearing that he viewed a trip to visit a sick grandmother as a pleasure trip. But we question whether the semantics employed by the special agent are universally or even generally accepted.

In response to the agent's inquiries, defendant stated that he did not have any identification on his person and that he had left his identification at the airport in a car. The State takes great care to note that in one instance the special agent testified that the defendant had stated that he left his identification in "his" car and cites this as a reasonable basis for the agent understanding this to be an indication that defendant had driven himself to the airport. The agent then perceived another contradiction in defendant's statements when defendant responded to further questions that he had never had a driver's license and that a friend had driven him to the airport. But

almost immediately thereafter and in a sentence containing substantially the same phrases he had used before, the agent testified that the defendant said he left his identification in "the" car. Despite the attempts of the prosecuting attorney in his argument to the superior court to emphasize the version of this testimony more favorable to the State, there was no attempt to resolve this conflict in the agent's testimony concerning the words used by defendant.

After this conversation, the agents explained their purpose in attempting to stop the drugs from coming through the airport and asked permission to search his person and bag. Defendant denied this permission, telling the agents that they could search only if they had a search warrant. Based on this lack of cooperation and the information they had at that time, the agents decided to detain defendant's baggage in order to permit a drug dog to sniff it. At the time this was explained to defendant, the consensual nature of the transaction between defendant and the drug agents must be viewed as having terminated and the question arises as to whether the agents had that articulable suspicion which would authorize a seizure pursuant to *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889).

The articulable suspicion which will authorize a *Terry* stop has been defined as whether under the totality of the circumstances the law enforcement officer has " 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.' *United States v. Cortez*, 449 U. S. 411, 417-418 (101 SC 690, 66 LE2d 621) (1981)." *Vansant v. State*, 264 Ga. 319, 320 (2) (443 SE2d 474). Apart from the jousting with regard to semantics at the motion to suppress hearing, the evidence established that defendant was traveling on a one-way cash ticket from a drug source city, had little baggage in relation to the distance of his journey and the intended length of his stay, lacked any identification, and was stern and nervous when approached by the officers. None of this is a crime, but taken together it provided the agents with a reasonable suspicion that defendant was transporting contraband. *State v. Grant*, 195 Ga. App. 859, 862 (2) (394 SE2d 916). We also acknowledge defendant's reliance on the recent decision in *United States v. Torres*, 65 F3d 1241, holding that a seizure of the baggage of a train passenger under similar circumstances was unconstitutional, but conclude that this federal case is not persuasive here because predicated in part upon the unexplained proposition that paying in cash for a train ticket for a trip of the length from New York to Burlington, North Carolina is not inherently suspicious as might be paying in cash for an airline ticket for a trip of the same length.

Although this articulable suspicion authorized a brief seizure of defendant, the agents expressed intent at this point was to seize only defendant's baggage, an unchecked middle-sized overnight bag. While

defendant argues that seizure of the bag under these circumstances was equivalent to a seizure of the person, we need not decide the merits of that argument since, assuming it to be correct, the agents did not exceed their authority arising from the articulable suspicion that defendant was carrying contraband.

An agent proceeded to question defendant concerning his birthday and social security number and when defendant was unable to accurately repeat the numbers given in the first response to these questions, defendant was arrested for giving a false name to a law enforcement officer. Contrary to defendant's assertion we find that the defendant's failure to accurately repeat the birthday and the social security number was sufficient evidence of a false identity as to provide probable cause for this arrest. Nor do we find any evidence requiring a conclusion that the arrest was pretextual. *Stanley v. State*, 213 Ga. App. 95, 96-97 (443 SE2d 633).

Rather than immediately conduct a search of defendant's bag, the agents waited until a drug dog alerted on the bag during a "lineup" of luggage and used that information along with the above factors prompting the use of a drug dog in an affidavit to obtain a search warrant for the bag. Defendant's final enumeration of error maintains that there was insufficient probable cause established before the magistrate for the issuance of the search warrant. But we need not address this issue since the uncontroverted evidence shows that even in the absence of the search warrant, the contraband would have inevitably been discovered via an independent and proper source, a custodial inventory of the bag. *Davis v. State*, 262 Ga. 578, 583 (4) (422 SE2d 546); *Dorsey v. State*, 212 Ga. App. 479, 481 (2) (441 SE2d 891); *State v. Wright*, 204 Ga. App. 382, 383 (2) (419 SE2d 334).

*Judgment affirmed. Andrews, J., concurs. Blackburn, J., concurs in the judgment only.*

DECIDED MARCH 12, 1996 —
RECONSIDERATION DENIED MARCH 26, 1996 —

*David S. West, Bruce S. Harvey*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.