A97A0895. SPRAUVE v. THE STATE.
(494 SE2d 294)

POPE, Presiding Judge.

Defendant Deron Sprauve was convicted of trafficking in cocaine. On appeal he argues the trial court erred in denying his motion to suppress, asserting three enumerations of error.

The evidence shows that defendant was stopped by Drug Enforcement Administration agents at Hartsfield International Airport after they received information from a St. Thomas agent that the defendant appeared to have suspicious bulges around his ankles and that his walk was unusual. The local agents were waiting for defendant when he debarked and observed his walk to the luggage carousel. The officers testified defendant's walk was "deliberate . . . stiff legged . . . it wasn't a natural walk." The agents approached defendant and asked if they could talk to him. Defendant responded affirmatively. One of the agents asked to look at defendant's airline

ticket, and the defendant allowed the agent to look at his ticket. The officer testified that defendant appeared nervous and that his hands started to shake and he appeared to have difficulty breathing. Defendant gave the officers contradictory explanations of why he was visiting Atlanta, first stating he was in Atlanta to look for a job and later stating he was in Atlanta to visit friends.

Testimony was also presented that while one of the officers was questioning the defendant, the other officer was attempting to look at defendant's ankles, but that defendant appeared to keep turning away from the officer so as to prevent him from seeing the inside of his leg. The officer testified that he eventually was able to observe an "unusual bulge" on the lower, inside area between defendant's calf and ankle. The agent asked defendant about the bulge, and the defendant told the agents that it was "nothing." Defendant also refused the agents' request to search his person or his smaller bag, but gave the agents permission to search his bigger bag.

At this point, the agents informed defendant they were detaining him and his bags while a drug detector dog was brought in, but they did not place defendant under arrest. Testimony was presented that the officers had been talking to defendant for about ten or fifteen minutes at this point, and that approximately another fifteen minutes elapsed until the drug dog arrived. The drug detector dog "alerted" to the presence of drugs on defendant's person and in the smaller bag. Defendant was read his rights and was informed that he would be detained while officers obtained a search warrant. Defendant was searched after officers at the scene received information that the warrant had been obtained. A bag of what was subsequently identified as cocaine was discovered on the inside of both defendant's ankles, and another bag of cocaine was found in defendant's small bag. Defendant was then placed under arrest. About three hours had elapsed between the initial interview and the time the search warrant was obtained.

1. We find no merit to defendant's contention that he was detained without probable cause. Defendant argues that although the agents had a right to conduct a brief investigatory stop, they improperly detained him without probable cause by *immediately* retaining his airline ticket. But the record is unclear about whether the agents returned or retained defendant's ticket when they first began to question him. The trial court found that defendant was not detained until *after* he had been questioned by the agents. On appeal of a motion to suppress, "the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them.' (Citations and punctuation omitted.) [Cit.]" *State v.*

*Williams*, 220 Ga. App. 100, 102 (2) (469 SE2d 261) (1996). See also *Mixon v. State*, 184 Ga. App. 623, 624 (362 SE2d 111) (1987).

Moreover, we agree with the State that the agents, prior to questioning defendant, had enough information from the St. Thomas agent and their own observations to form a reasonable suspicion of criminal activity necessary to detain the defendant. See *Morris v. State*, 220 Ga. App. 818, 819-820 (470 SE2d 458) (1996) (physical precedent only), cert. denied, 220 Ga. App. 914 (1996). This enumeration is without merit.

2. We have examined defendant's second enumeration of error in which he asserts that he was detained an unreasonable amount of time until the drug detector dog arrived and also find it to be without merit. See, e.g., *Roundtree v. State*, 213 Ga. App. 793, 794 (446 SE2d 204) (1994). *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968) recognizes that both an "investigative stop" and an arrest are "seizures" of the person and thus subject to the Fourth Amendment's general proscription against unreasonable searches and seizures. "[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." Id. at 16. But the court recognizes that an investigative stop is not the same degree of seizure as an arrest, which must comply with the "warrant procedure and the requirement of probable cause." Id. at 20, 26.

"Certain constraints on personal liberty that constitute 'seizures' for purposes of the Fourth Amendment may nonetheless be justified even though there is no showing of 'probable cause' if 'there is articulable suspicion that a person has committed or is about to commit a crime.' Such a temporary detention for questioning in the case of an airport search is reviewed under the lesser standard enunciated in *Terry v. Ohio*, [supra], and is permissible because of the 'public interest involved in the suppression of illegal transactions in drugs or of any other serious crime.' " (Citations omitted.) *Florida v. Rodriquez*, 469 U. S. 1, 5 (105 SC 308, 83 LE2d 165) (1984). "A law enforcement officer coming upon the scene of suspected criminal activity will conduct a general on-the-scene investigation and may detain temporarily anyone at the scene who tries to leave before the preliminary investigation is completed." (Citations and punctuation omitted.) *Daugherty v. State*, 182 Ga. App. 730, 731 (356 SE2d 902) (1987).

The period of the temporary detention was reasonable considering its length, the purpose and the practicality of summoning the dog. The officers did not unnecessarily prolong the traveler's detention. See *United States v. Sharpe*, 470 U. S. 675 (105 SC 1568, 84 LE2d 605) (1985) (20-minute necessary delay while agent diligently pursued investigation was not an unreasonable seizure). As repeated in *In the Interest of J. L. G.*, 209 Ga. App. 565, 566 (434 SE2d 126) (1993): "(R)easonable suspicion of criminal activity warrants a tem-

porary seizure for the purpose of questioning limited to the purpose of the stop." (Citations and punctuation omitted.) In sum, the officers did not detain defendant for an unreasonable length of time while awaiting the arrival of the drug detector dog.

3. Lastly, defendant argues his motion to suppress should have been granted because the arresting officers failed to leave him a copy of the search warrant as required by OCGA § 17-5-25. That section provides, in relevant part, that when a warrant is executed, a "duplicate copy shall be left with any person from whom any instruments, articles, or things are seized." The evidence here shows that the warrant had been issued but was not in the physical custody of the executing officers at the time of the search, and that a copy of the warrant was subsequently placed with defendant's personal belongings at the jail following his arrest. The record is unclear as to whether defendant was actually handed a copy of the warrant or whether it was merely placed with his belongings. The trial court found that leaving a copy of the warrant was a ministerial act, not determinative of the motion to suppress.

We need not decide whether failure to give defendant a copy of the search warrant was a "technical irregularity" not requiring suppression of the evidence. OCGA § 17-5-31. Once the drug detector dog alerted to the contraband and the drugs were discovered on defendant's person and in his bag, a warrantless search was justified. *State of Ga. v. Montford*, 217 Ga. App. 339, 341 (457 SE2d 229) (1995). Defendant's final enumeration of error is without merit.

*Judgment affirmed. Johnson, J., concurs. Blackburn, J., concurs in judgment only.*

DECIDED NOVEMBER 19, 1997.

*Emmett J. Arnold IV*, for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.