A03A1921. SMITH v. THE STATE.
(589 SE2d 252)

ANDREWS, Presiding Judge.

Damarcus Arnez Smith was found guilty in a bench trial of burglary and possession of cocaine. On appeal, Smith claims: (1) that the

trial court erred by denying his motion to suppress evidence obtained when police stopped and searched his car; and (2) that his trial counsel provided ineffective assistance. For the following reasons, we affirm.

The resident of a house located in the City of Reynolds in Taylor County reported to police that his house had been burglarized and that various items had been stolen, including some large jars containing about $3,500 in coins and the keys to Ray's Paint & Body Shop, a business run by the resident's father. A neighbor living next door to the burglarized house reported to police that, on the day of the burglary, she saw an unfamiliar gray colored car coming out of the driveway of the house. Officer Carpenter of the Taylor County Sheriff's Department testified that, during his investigation of the burglary, he received information that, shortly after the burglary, an individual cashed in over $300 in coins at a local Kroger store. The officer testified that he reviewed videotapes from the store's security cameras covering the inside of the store and the parking area which showed that the coins were cashed by two individuals driving a gray Mustang with chrome wheels. Because a large sum of coins had been stolen in the burglary and a gray car had been seen leaving the scene of the burglary, the officer issued a county-wide "be on the lookout" bulletin for a gray Mustang with chrome wheels.

A day after the bulletin was issued, a car matching the description in the bulletin was spotted not far from the burglarized residence and was stopped by Officer Burch of the City of Reynolds Police Department. After making the stop, Officer Burch told the driver of the car, later identified as Smith, to wait for Officer Carpenter to arrive. Shortly thereafter, Officer Carpenter arrived at the scene of the stop and told Smith he had been stopped because he was suspected of being involved in a burglary. Officer Carpenter recognized Smith as one of the individuals he had seen on video cashing coins at the Kroger store. The officer also noticed that the tread on the gray Mustang's tires appeared to match tire tracks he had seen at the burglarized house and had preserved by plaster cast. Officer Carpenter asked Smith if he would consent to a search of his car and Smith consented. Smith testified at trial and admitted that Officer Carpenter explained to him that he had the right to refuse to consent to the search and that anything found in the search could be used to incriminate him. Smith said he gave Officer Carpenter permission to search his car, but added that he felt like the consent he gave was not voluntary because he was intimidated by the number of people at the stop.

During the search, Officer Carpenter found two plastic bags containing what appeared to be cocaine, one under the front passenger seat and one next to the console between the driver's seat and the front passenger seat. Smith was arrested on charges that he violated

the Georgia Controlled Substances Act, and his car was impounded. In an inventory search of the impounded car after Smith's arrest, police found the keys to Ray's Paint & Body, the same keys reported stolen in the burglary. The State and Smith stipulated that the suspected cocaine found in Smith's car tested positive for cocaine at the State Crime Lab. Smith gave a statement to police in which he admitted he was in the City of Reynolds near the burglarized residence on the day of the burglary, but stated he was there to see his girlfriend. He also admitted in the statement that he cashed in coins on the evening after the burglary, but he said they were his own coins he had been saving. Smith denied having anything to do with the burglary and claimed that the cocaine found in his car belonged to a passenger. Smith also produced testimony from his mother in support of an alibi that he was at his mother's house at the time of the burglary.

1. The evidence, both direct and circumstantial, was sufficient for the trial court to conclude beyond a reasonable doubt that Smith was guilty of possession of cocaine and burglary. OCGA §§ 16-13-30; 16-7-1; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no error in the trial court's denial of Smith's motion to suppress. Smith argued at the pre-trial hearing on the motion to suppress that, because the police did not stop other gray cars, this showed the stop of his car was a pretext for an illegal search. He also argued that his consent to the search was not voluntary. In his motion for a new trial, Smith again argued that his consent to the search was not voluntary, and contended that his trial counsel was ineffective because she failed to argue at trial that there was no reasonable factual basis for police to stop his car as part of the burglary investigation.

As to the claim that Smith's consent to the search was not voluntary,

> [o]n appeal of a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them.

(Citation and punctuation omitted.) *Sprauve v. State*, 229 Ga. App. 478, 479 (494 SE2d 294) (1997). Because there was evidence to support the trial court's conclusion that Smith voluntarily consented to the search of his car, we find no error.

As to the claim that the police lacked a sufficient factual basis to

conduct an investigative stop of Smith's car, such a stop was justified if, under the totality of the circumstances, the police had specific and articulable facts which, together with rational inferences from those facts, gave a particularized and objective basis for suspecting criminal activity. *Vansant v. State*, 264 Ga. 319, 320 (443 SE2d 474) (1994). Here, the police knew that a gray car was seen leaving the burglary where $3,500 in coins were stolen, and that shortly thereafter an individual driving a gray Mustang with chrome wheels was seen cashing in hundreds of dollars in coins at a nearby store. These were specific and articulable facts which, together with rational inferences the police were entitled to draw from the facts, gave a particularized and objective basis for suspecting that the driver of the described Mustang was involved in the burglary. This was a sufficient factual basis for Officer Carpenter to issue the "be on the lookout" bulletin for the Mustang and to justify the investigative stop. Id.

We find no merit in Smith's claim that, because the officer who made the initial stop did not testify, the State failed to establish a constitutional basis for the stop or attempted to do so by nonprobative hearsay. Officer Carpenter testified that he was called to the scene of the stop made by Officer Burch. Officer Burch did not testify, but the record shows that he was a police officer for the City of Reynolds located in Taylor County, where Officer Carpenter issued the county-wide "be on the lookout" bulletin for the Mustang. Upon arrival at the stop, Officer Carpenter informed Smith that he was stopped because he was suspected of being involved in a burglary. Even though there was no testimony from the officer who made the stop, the State produced direct and circumstantial evidence which was more than sufficient to prove that Smith was stopped based on a reasonable suspicion that he was involved in the burglary.

It follows that the trial court did not err by denying the motion to suppress and by concluding there was no basis for Smith's claim that his trial counsel was ineffective for failing to raise these issues in the motion to suppress. *Vansant*, 264 Ga. at 320; *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

Smith also argues for the first time on appeal that Officer Burch was unauthorized to make the stop because it was not clear the stop was made within the geographical limits of the City of Reynolds. Arguments not raised or ruled on in the trial court will not be considered for the first time on appeal. *White v. State*, 255 Ga. 210, 213 (336 SE2d 777) (1985).

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED OCTOBER 2, 2003 —
RECONSIDERATION DENIED OCTOBER 22, 2003 — 

*Robert S. McPhail*, for appellant.
*J. Gray Conger, District Attorney, Mark C. Post, William D. Kelly, Assistant District Attorneys*, for appellee.