## A08A0006. JOHNSON v. THE STATE.
### (661 SE2d 642)

SMITH, Presiding Judge.

Luther Johnson was found guilty by a Decatur County jury of two counts of burglary, possession of tools for the commission of a crime, and obstruction of a law enforcement officer with violence. He appeals, asserting the general grounds only as to one count of burglary of a garden center and the count charging possession of tools for the commission of a crime. The evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and we affirm.

Construed in favor of the jury's verdict, the evidence shows that police officers surprised Johnson in the process of burglarizing a car

---

[1] Ga. L. 2001, p. 94, § 5 amended OCGA § 17-10-1 to add the provisions of subsection (f).

dealership in the early morning hours of December 21, 2005, and subdued him after a lengthy struggle. A pair of gloves fell out of Johnson's pocket during the struggle. A hammer was found lying outside the shattered glass in the front door of the business.

The same morning, at about 8:00, the owner of a garden center two doors down from the car dealership opened the business and discovered that it had been burglarized. The business had been entered by breaking out a window in a door. The owner identified the gloves that fell from Johnson's pocket as having come from his store. He also found another glove from the store lying on the floor near the bathroom; this glove bore a shoe print. The assistant manager of the Georgia Bureau of Investigation crime lab was qualified as an expert in the field of impressions analysis. He testified that he compared the shoe print on the glove with a pair of boots worn by Johnson at the time of his arrest. He concluded that the impression was made by that pair of boots or another pair of boots with a similar tread design and size.

A police investigator testified that he drove by the area at approximately 11:00 p.m. the previous night, December 20, and that neither building showed signs of forced entry at that time. When questioned by a police investigator, Johnson stated that "he could not remember" committing the garden center burglary, "that he could have, but he didn't have any recollection." He also acknowledged in a recorded statement that he used a hammer to break the glass at the auto dealership.

> A conviction may be based upon circumstantial evidence if the proved facts are not only consistent with the hypothesis of guilt, but exclude every other reasonable hypothesis but the guilt of the accused. OCGA § 24-4-6. When the evidence meets this test, circumstantial evidence is as probative as direct evidence, and whether this burden has been met is a question for the jury. When the jury is authorized to find that the evidence, though circumstantial, excluded every reasonable hypothesis except the defendant's guilt, the verdict will not be disturbed unless the verdict is insupportable as a matter of law. Further, while circumstantial evidence must exclude every other *reasonable* hypothesis but the defendant's guilt, the evidence need not exclude every inference or hypothesis.

(Citations and punctuation omitted; emphasis in original.) *Hayes v. State*, 249 Ga. App. 857, 860 (1) (549 SE2d 813) (2001).

This evidence, though circumstantial, was adequate to support the jury's verdict of guilty of the burglary of the garden center. See,

e.g., *Smith v. State*, 263 Ga. App. 707, 708-709 (1) (589 SE2d 252) (2003); *Etheridge v. State*, 228 Ga. App. 788, 788-789 (1) (492 SE2d 755) (1997). And the discovery of the hammer near the broken window, together with Johnson's recorded admission that he used the hammer to break the glass, is sufficient to support the conviction for possession of tools for the commission of a crime. *Standfill v. State*, 267 Ga. App. 612, 616 (3) (600 SE2d 695) (2004).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED APRIL 23, 2008.

*Richard Parker*, for appellant.

*Joseph K. Mulholland, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.